HARRIS v. PHŒNIX ACCIDENT & SICK BENEFIT ASS'N.

INSURANCE—ACTION ON POLICY—LIMITATION—WAIVER.

The action of an accident and sick benefit insurance company in writing to the insured in relation to a proposed compromise of his claim that it will hold the matter in abeyance for a few days awaiting a further communication from him, that the proposition made is purely one of compromise, and that the company will in no way waive the conditions of the contract, does not waive a provision of the policy that no action shall be begun thereon after six months from the date on which proofs of loss are required to be filed.

Error to Shiawassee; Wiest, J., presiding. Submitted

January 23, 1907.   (Docket No. 88.)   Decided July 15, 1907.

Assumpsit by Sanford Harris against the Phœnix Accident & Sick Benefit Association on a policy of insurance. There was judgment for plaintiff, and defendant brings error. Reversed.

*E. J. Adams,* for appellant.

*Albert L. Chandler,* for appellee.

MOORE, J.   The plaintiff, a painter by trade, obtained on May 7, 1904, a certificate of membership in the defendant association.   May 19, 1904, he received an injury which he contends gave him a claim against the defendant.   This suit was brought to enforce that claim.   From a judgment in his favor, the case is brought here by writ of error.

Assignments of error in relation to the remarks of counsel, the admission of testimony, and certain portions of the charge, have been examined, but we deem it unnecessary to discuss them.   The following conditions are to be found in the certificate of membership:

Section 12, condition B:

"Unless affirmative proofs of loss   *   *   *   so furnished to the company,   *   *   *   within thirty days from date of   *   *   *   termination of disability."   *   *   *

Condition C:

" No action at law shall be maintained   before three months, or after six months from the date on which this policy requires proof of loss to be filed."

Condition M:

"If the assured is disabled by accident or illness for more than one month, he or his representatives shall, as a condition precedent to recovery hereunder, furnish every thirty days, a report from his attending physician or surgeon, fully stating his condition and probable duration of his disability."

The defendant claims a failure to comply with these conditions should prevent a recovery. The circuit judge ruled that both of these conditions had been waived. He based this holding upon the correspondence and upon *Turner* v. *Casualty Co.*, 112 Mich. 425 (38 L. R. A. 529). In the last-named case it appears the delay in bringing suit was caused by the company. We quote from the opinion:

"While the plaintiff was not bound to wait before bringing suit, yet it is apparent that he did wait at the request of the company."

In this case can it be said the delay was caused by the company? The plaintiff says, "Yes." The defendant says, "No." It becomes necessary to look at the correspondence.

The final proofs of loss were filed December 14, 1904. January 11, 1905, would be the last day in which they might be filed. The suit was commenced July 21, 1905. On the 5th of May, 1905, the defendant wrote to the attorney of plaintiff, stating the claim was invalid, but suggesting a doubt as to the first month of disability. The answer to this letter was sent June 8, 1905. The part material to this controversy reads as follows:

"Now, whether or not the technical defense which you suggest has been waived or lost to him is a question of fact which probably would not be profitable for us to discuss here. I do not think he is willing to accept the pay for one month. This probably would not pay his doctor's bill. If you can allow him 50 per cent. of his claim, I think he would take it rather than go into litigation; but if you do not care to make a good fair offer, perhaps you better refuse it entirely, and let him take such course as he thinks is best for him."

On the following day a reply was sent. The material part bearing upon the question of waiver reads as follows:

"Will say, however, that he has never to my knowledge endeavored to get a settlement with the company except to demand full amount claimed in the final proofs

and as he failed entirely to comply with the conditions of the policy as heretofore mentioned, I am under the opinion that he will not be entitled to over one month indemnity, and feel that it is hardly possible to take a claimant's financial circumstances into consideration in the settlement of claims.    The policy itself is a commercial contract, and indemnifies the claimant only to the extent of the conditions provided therein, and the amount of premium he pays will not purchase indemnity under any other conditions.    We should regret any litigation in this matter, but there is a principle involved which is of more importance than the amount involved, and I believe when the company agrees to pay all that is provided for in the contract it is all the claimant should reasonably expect.

" I will hold this matter in abeyance for a few days, awaiting further communication from you.   It is to be understood, however, that the proposition of one month's indemnity is purely a compromise, and we will in no way waive the conditions of the contract."

In the case of *Turner* v. *Casualty Co.*, supra, a delay was asked until an adjuster of the company could see the claimant or his attorney.   In this case the statement is, "I will hold this matter in abeyance for a few days awaiting further communication from you," and this was accompanied by a further statement that the company would not waive the conditions of the contract.   The further communication was not sent.   The suit was not commenced within the six months required by the contract, but was delayed until July 21, 1905.   It is readily seen the case is a very different one than *Turner* v. *Casualty Co.* We think it cannot be held there was a waiver.   See *Law* v. *Accident Ass'n*, 94 Mich. 266, and cases cited therein; *Peck* v. *Insurance Co.*, 102 Mich. 52; *Klass* v. *City of Detroit*, 129 Mich. 35; *Cooper* v. *Benefit Ass'n*, 141 Mich. 476.

The conclusion reached above makes it unnecessary to consider the other assignments of error.

Judgment is reversed, and new trial ordered.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.