BETTEYS *v.* ÆTNA LIFE INSURANCE CO.

**1. INSURANCE—ACCIDENT INSURANCE — ADMISSIBILITY OF LETTERS TO ESTABLISH WAIVER OF PROOF OF DEATH.**

> In an action on an accident insurance policy, letters from defendant and its agents were admissible, along with other testimony, upon the question of waiver of proof of death and the cause thereof within the 60-day period fixed by the policy.

**2. SAME—DENIAL OF LIABILITY WAIVES PROOF OF DEATH.**

> Where the insurance company, on being notified of the death of insured presumably from an accident, forwarded blanks for proof of death, but later recalled them and denied liability, plaintiff was excused from making proof of death and the cause thereof.

**3. SAME—WAIVER OF TIME WITHIN WHICH TO BRING ACTION FOR DISABILITY BENEFITS—DEATH BENEFITS.**

> Where the insurance company, after learning of the death of insured, formally denied liability for the death benefits, but offered to recognize a claim for weekly indemnity for disability if proper proof was promptly made, it was not thereafter estopped from invoking the contract provision limiting the time within which to bring suit for the death benefits.

**4. SAME—PRINCIPAL AND AGENT—WAIVER—ESTOPPEL—TIME LIMITATION.**

> That claimant sought proofs to convince defendant of its liability and was encouraged by an agent of defendant in doing so, did not waive the time limit or estop defendant from invoking the time limitation in the policy within which action for the death benefits must be brought.

**5. SAME—WAIVER OF TIME IN WHICH TO MAKE PROOF DOES NOT WAIVE TIME IN WHICH TO BRING ACTION.**

> Waiver of condition as to time within which proof of death and cause thereof must be made did not constitute a waiver of condition as to time within which action for death benefits must be brought.

As to when contractual limitation of time in accident insurance policies begins to run, see notes in 47 L. R. A. 106; 48 L. R. A. (N. S.) 910; L. R. A. 1918F, 512; 3 A L. R. 218.

Error to Houghton; O'Brien (Patrick H.), J.   Submitted January 3, 1923.   (Docket No. 27.)   Decided April 27, 1923.

Assumpsit by Hannah M. Betteys against the Ætna Life Insurance Company on a policy of insurance. Judgment for plaintiff.   Defendant brings error.   Reversed.

*John D. Kerr,* for appellant.

*C. Walter Healy,* for appellee.

WIEST, C. J.   Dr. William H. Betteys held an accident policy issued by defendant company on September 17, 1910, indemnifying him "against disability or death resulting directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means," and renewed from year to year, with his wife designated therein as beneficiary in case of his death.   Dr. Betteys died January 24, 1918, it is claimed, from an injury to the back of his left hand occasioned, in December, 1917, by the slipping of a wrench, resulting in an infection causing acute dilatation of the heart.   This suit was brought by the beneficiary to recover the death benefit and also the weekly indemnity for disability.   Defendant, under plea of the general issue, gave notice denying the alleged cause of death; set up failure of proof of disability and of cause of death; averred that suit was not brought in season and the claim made was invalid by failure to comply with stated provisions of the policy.   At the trial plaintiff claimed a waiver by defendant of proof of death and cause thereof, and that defendant was estopped from raising the question of limitation of time in which to bring suit. Plaintiff had verdict and the case is here by writ of

error, and the assignments of error present numerous rulings at the trial and defendant's motions for judgment notwithstanding the verdict and for a new trial.

Letters from defendant and its agents were introduced, over objections, to show waiver of strict compliance with the terms of the policy relative to notice and cause of death. It is claimed that such letters did not show a waiver under the terms of the policy, for the time set out in the policy "is an essence of the agreement of all parties in interest," and defendant's agents had no power to waive its terms. The letters have been examined and were admissible, along with the testimony, upon the question of waiver of proof of death and cause thereof within the 60-day period fixed by the policy. This matter, however, is not of much importance for defendant's denial of liability to pay the death benefit excused plaintiff from making proof of death and cause thereof.

Defendant had notice from Dr. Betteys that he had received an injury to his hand, presumably due to the bite of an insect, causing an infection. About a week after the death of Dr. Betteys, Mr. Corbett, an attorney living at Oxford, notified the defendant of his death, and blanks upon which to make proofs were sent to Mr. Corbett on February 8, 1918. On February 9th, defendant wired Mr. Corbett "to hold up death proofs," and later requested and obtained return of the blanks. This recall of the death proof blanks was occasioned by a telegram received by defendant from its district manager at Detroit, stating

"Dr. Betteys died of acute valvular insufficiency of heart."

In June, 1918, plaintiff was notified that defendant denied liability because Dr. Betteys died of disease, but would recognize a claim for weekly indemnity for disability of the doctor, if such disability was occa-

sioned by an accident and proof thereof was promptly made. No proof of any kind was made until July, 1919, when plaintiff sent to defendant proof of death and cause thereof. Such proof, when received by defendant, was at once rejected and returned.

The policy provided:

"No legal proceeding for recovery hereunder shall be brought within ninety days after receipt of proof at the office of the company in Hartford, Connecticut, nor after one year from the date provided herein for the filing of proofs."

Plaintiff claims that defendant is estopped from invoking the contract provision limiting the time in which to bring suit to 14 months after death of the insured. We think she is right, so far as the weekly indemnity from time of the accident to time of death is concerned, and wrong as to the death benefit.

The defendant waived administration of Dr. Betteys' estate and recognized the right of plaintiff, without administration, to claim the weekly indemnity under the policy, if disability was occasioned by an accident. We have examined the record and find that, instead of giving plaintiff to understand the death claim was open to proof, there was denial by defendant of liability. This is apparent from the recall of the death proof blanks, the offer to receive proof relating solely to weekly indemnity for disability, the notification, in June, 1918, that defendant was not liable because the doctor died of disease, and the same notification in August, 1918, to plaintiff's attorneys. Plaintiff could and should have brought suit upon the policy within the period fixed in the contract of insurance. After the denial of liability, in the letter of June 18, 1918, plaintiff had nearly eight months in which to bring suit, but let the time run by and in July, 1919, did the unnecessary thing of making proof of death and cause thereof, and then

waited until months later before she brought this suit. Plaintiff slept upon her right to bring suit, after defendant recalled the death loss blanks and denied liability, and she was not lulled to sleep by any act of defendant. It is true she sought proofs to convince defendant of its liability and was encouraged by an agent of defendant in doing so, but this neither waived the time in which to bring suit nor did it estop defendant from standing upon its denial of liability and from invoking the time limitation. *Dahrooge* v. *Insurance Co.*, 177 Mich. 442 (48 L. R. A. [N. S.] 906).

Waiver of time in which to make proof of death and cause thereof, and the attitude of the company in denying liability and thereby excusing the making of such proof, must not be confused with the time limitation for bringing suit, for the waiver of one condition did not necessarily involve the waiver of the other.

This court held in *Law* v. *Accident Ass'n*, 94 Mich. 266, quoting from the syllabus:

"Where an accident insurance policy provides that no suit shall be brought, or arbitration required, to recover any sum, unless commenced within one year after the injury, and more than five months elapse, after the assured is fully advised that the company refuses to pay or arbitrate the claim, before the expiration of the year, a suit thereafter brought is barred by the provision cited, unless it has been waived by the company. *McIntyre* v. *Insurance Co.*, 52 Mich. 188; *Gould* v. *Insurance Co.*, 90 Mich. 302; *Voorheis* v. *Benefit Society*, 91 Mich. 469; *Steele* v. *Insurance Co.*, 93 Mich. 81 (18 L. R. A. 85)."

See, also, *Lentz* v. *Insurance Co.*, 96 Mich. 445; *Shackett* v. *Benefit Society*, 107 Mich. 65; *Dahrooge* v. *Insurance Co.*, *supra*, and 3 A. L. R. 223, where cases on the subject are listed.

We find no occasion to pass upon the many assignments of error, for the case, so far as the death bene-

fit is concerned, must be decided adversely to plaintiff, because suit was not brought within the time stipulated in the contract. Upon this record the defendant was entitled to a directed verdict in its favor as to the claim of the plaintiff as beneficiary. The claim of plaintiff for the weekly indemnity for disability of the doctor constitutes a proper subject for a new trial.

The judgment is reversed and a new trial granted, with costs to defendant.

FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. CLARK, J., did not sit.