LOMBARDI *v.* METROPOLITAN LIFE INS. CO.

1. INSURANCE—GROUP POLICY—DEATH BENEFIT—TOTAL AND PERMANENT DISABILITY BENEFITS—DIRECTED VERDICT—WAIVER.

In suit to recover death benefit under group insurance policy, even though plaintiff's testimony is viewed in light most favorable to her because defendant insurer moved for directed verdict, claim that unpaid total and permanent disability benefits kept policy in force must fail where no notices of disability were given as required by policy, no action brought therefor within two years from expiration of time within which policy required that proofs of sickness and disability be filed and plaintiff made no claim of waiver of policy provisions.

2. SAME—GROUP POLICY—DEATH BENEFITS.

Death benefit beneficiary under group life insurance policy *held,* not entitled to recover on theory that death resulted directly from disability arising while employee was insured, where payment of such benefit is conditioned upon death of employee while insured under the policy.

Appeal from Genesee; Parker (James S.), J. Submitted January 23, 1935. (Docket No. 150, Calendar No. 38,254.) Decided April 8, 1935.

Assumpsit by Joseph Lombardi against Metropolitan Life Insurance Company, a foreign corporation, for disability benefits due on an insurance policy. Catherine Lombardi, special administratrix of the estate of Joseph Lombardi, substituted as party plaintiff and additional recovery sought for death benefits. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Myron Winegarden,* for plaintiff.

*Cook & Stipes,* for defendant.

Butzel, J.   On December 1, 1926, Joseph Lombardi became insured for $1,000, and on September 1, 1928, for an additional $1,000, under a group insurance plan of the Metropolitan Life Insurance Company.  The policy was taken out by the General Motors Corporation for employees of the Buick Motor Company, one of its divisions by whom Lombardi was employed, the employer paying part of the premium and the balance being paid by the employee through deduction from his earnings each month. The policy provided for temporary disability benefits under certain conditions for a limited period, a provision not involved in the instant case.  The policy further provided for total and permanent disability benefits to the employee, and for life insurance payable to the designated beneficiary upon the death of such employee "while insured hereunder."   The amount due for total and permanent disability was to be paid upon receipt by the company of due notice and proof in writing that the employee, while insured under the policy and prior to his 60th birthday, had become totally and permanently disabled as a result of bodily injury or disease so as to be prevented thereby from engaging in any occupation or performing any work for compensation or profit. Immediate written notice of sickness or injury was required, and affirmative proof thereof, upon forms furnished by the company, within 30 days after such notice.  It was further provided that no action at law or in equity could be brought for recovery under the provisions of the policy for either temporary or total and permanent disability prior to the expiration of 60 days after proof had been filed, nor after two years from the expiration of the time within which such proof was required to be filed.

Lombardi continued to work for the Buick Motor Company until September 21, 1929, when, as shown

by the records of the company, he lost his position on account of the reduction of the force, but with the recommendation noted on his employment card that he was a good man to rehire. The policy provided that when he ceased to be employed by the company his insurance should expire but that he might apply for a new policy without a physical examination within 31 days, or, for a period of six months from the time the employment ceased, he might keep up his life insurance by the payment of $1 per month. He made no application for a new policy but paid the required amount so as to keep up the life insurance until March 31, 1930. On November 27, 1931, he was reemployed by the company, and thereupon made a new application for insurance under the group plan. However, he was discharged again on February 20, 1932, on account of reduction of force. He had not obtained the new insurance, due to the fact that employees were not eligible for insurance until they had been employed for three months. The $1.50 paid by him to obtain such new coverage was returned to him, and he gave a receipt therefor.

On October 27, 1932, Lombardi began suit against the insurance company, claiming that he was totally and permanently disabled on September 21, 1929, as the result of numerous ailments and diseases; that on such date it became necessary for him to refrain from working under the advice of his physician, and that notwithstanding the fact that he was later given a job sweeping at the Buick Company in December, 1931, his health was such that it was necessary for him to leave even that employment some time in February, 1932. He claimed that he was entitled to recover for total and permanent disability the full amount of the policy, in monthly payments as provided therein. While the suit was pending, Lombardi died on February 11, 1933, and on March 27,

1934, his widow, Catherine Lombardi, who was permitted by order of the court to be substituted as party plaintiff, filed an amended declaration showing that she had been appointed special administratrix of Lombardi's estate on February 26, 1934. She claimed not only the monthly payments for total and permanent disability which should have been paid to Lombardi during his lifetime, but an additional $105 constituting the balance of such payments which had become due since the date of his death. She also set up an additional count in which she claimed, as beneficiary, the sum of $2,000, the amount of life insurance provided for in the policy. The insurance company denied that Lombardi was totally and permanently disabled while the policy was in force, and further alleged that the suit was barred by Lombardi's failure to give notice or furnish proof of claim as required in the policy, as well as by his failure to bring action within two years from the expiration of the time within which proof was required to be filed. It further contended that it was not bound to pay life insurance on the policy, which had lapsed and therefore was no longer in force at the time of Lombardi's death. Defendant offered no testimony, but asked for a directed verdict at the conclusion of plaintiff's proofs, relying upon the provisions of the policy, which was introduced in evidence, and claiming that plaintiff had failed to make out a case. The judge, however, submitted the case to the jury, which rendered a judgment in favor of plaintiff in the amount of $1,995.

At the oral argument on appeal, counsel for plaintiff and appellee was asked on which count and theory he relied, and he stated that his claim was based solely on the life insurance feature of the policy. Plaintiff contends that the company became

liable to Lombardi for total and permanent disability benefits, and that these funds, which were retained by the company, were more than sufficient to pay the premiums required to keep up the life insurance, which became payable on the death of the insured. Since disability insurance ceased, under the terms of the policy, when Lombardi left the employ of the Buick Company, he could have no claim for total disability unless it arose on or before September 21, 1929. The testimony indicates that Lombardi died of pulmonary tuberculosis and resulting complications on February 11, 1933, and there is evidence that he suffered from this disease not only during the year 1929, but prior thereto. While it is established by the testimony of physicians that the health of the insured was so impaired by the ravages of the disease that he should have stopped working before 1929, he nevertheless worked regularly at the Buick Company during that year, earning the sum of $981.90 up to September 21, 1929. It is claimed that total and permanent disability compelled Lombardi to leave his job at that date. However, the records of the company do not show that he was laid off for that reason, and the fact that he returned to work in 1931 is quite significant.

Viewing plaintiff's testimony, however, in the most favorable light, since defendant contends that a verdict should have been directed in its favor, the claim for permanent and total disability must fail because none of the notices provided for in the policy were given. At no time prior to the beginning of suit on October 27, 1932, did Lombardi make any claim for disability, either temporary or total and permanent. There was neither immediate written notice of sickness or injury, nor affirmative proof thereof within 30 days thereafter as required by the

policy, nor was action brought within two years from the expiration of the time within which such proof was required to be filed. There being no claim of waiver, Lombardi's right to disability benefits was therefore barred. *Law* v. *New England Mutual Accident Ass'n,* 94 Mich. 266; *Betteys* v. *Ætna Life Ins. Co.,* 222 Mich. 626, and cases cited therein. The company thus had in its hands no funds owing to Lombardi, and his life insurance policy accordingly lapsed prior to the date of his death.

Plaintiff, however, advances an additional theory for recovery, claiming that the policy should be construed to read that life insurance became payable upon the death of the employee while insured thereunder, or upon his death directly resulting from disability arising while the employee was insured; that under this theory plaintiff was entitled to recover the life insurance regardless of whether the policy had lapsed prior to Lombardi's death, inasmuch as death resulted from disability arising on September 21, 1929, while he was still insured. There is no merit in this contention. The life insurance clause in Lombardi's policy expressly provides for the payment of life insurance upon receipt by the company of due notice and proof "of the death of any employee, while insured hereunder." We cannot under the guise of construction reform a policy so as to write a new contract. It is perfectly evident that Lombardi had no insurance at the time of his death, and plaintiff is therefore not entitled to recover.

Judgment of the lower court is reversed, without new trial, and with costs to defendant.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.