BASHANS *v*. METRO MUTUAL INSURANCE COMPANY.

1. INSURANCE—HEALTH AND ACCIDENT POLICIES—TIME LIMITATIONS FOR BRINGING ACTION.

    Parties to an insurance contract for medical and hospital charges and for payment of benefits, for loss of time suffered by the insured, caused by accident or illness, may properly be bound by provisions therein limiting the period within which suit may be brought thereon.

2. SAME—HEALTH AND ACCIDENT POLICIES—WAIVER OF TIME LIMITATION FOR BRINGING ACTION.

    Record presented in action at law to recover benefits under health and accident insurance policies containing a 2-year time limitation within which actions thereon might be commenced *held*, to require conclusion that there was no waiver of such clause allowing plaintiff to delay bringing of suit for a period of several months beyond the time permitted therefor.

Appeal from Saginaw; Borchard (Fred J.), J. Submitted December 5, 1962. (Calendar No. 95, Docket No. 49,763.) Decided February 6, 1963.

Action by Phillip Bashans against Metro Mutual Insurance Company, a Michigan corporation, on health and accident policies for medical expense and loss of wages. Judgment for plaintiff. Defendant appeals. Reversed and remanded for dismissal of the case.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29A Am Jur, Insurance §§ 1789–1805.

    Insurer's admission of liability, offers of settlement negotiations, and the like, as waiver of, or estoppel to assert, contractual limitation provision. 29 ALR2d 636.

*Martin & Martin* (*Fred Martin, Jr.,* of counsel), for plaintiff.

*Heal, Deeley, Lo Cicero & Wilke,* for defendant.

Carr, C. J. In April 1955, defendant insurance company executed and delivered to plaintiff its policies of insurance providing payments of expenses incurred by way of medical and hospital charges resulting from accidental injury or illness. Provision was also made for the payment of benefits, for loss of time suffered by the insured, caused by accident or illness.

Claiming that he had sustained a physical injury on December 27, 1955, resulting in a herniated disc, plaintiff made claim under his policies for the benefits provided therein. It is admitted that written notice was given defendant and that payment was refused. A suit to recover on the policies was instituted on February 10, 1959, plaintiff alleging in his declaration the issuance of the policies to him, his subsequent injury, the demand for the payment of benefits under the policies, and defendant's denial of liability. To said declaration defendant filed answer admitting the execution of the policies but denying liability thereunder. By way of affirmative defense it was alleged that plaintiff had made certain fraudulent representations in his application for the insurance, that the physical condition constituting the basis of the claim for the right to recover judgment in fact antedated the issuance of said policies, and that under the specific terms of said contracts plaintiff's suit was not seasonably instituted. Plaintiff's reply to the answer denied the sufficiency of the affirmative defenses raised. Subsequently plaintiff was granted permission to amend his reply by incorporating therein allegations that defendant had by its conduct waived the time limitation of the

policies and was estopped to assert said provision. Defendant by further pleading controverted the averments of the plaintiff's amended reply to the answer. Defendant's motion to dismiss the suit was denied, and the case proceeded to trial before the circuit judge without a jury.

After listening to the proofs and arguments of the parties, the trial court disposed of the controversy in the following language:

"The court, having read the pleadings in said cause and having heard testimony in open court, is of the opinion that the defendant has failed to sustain the burden of proof on the question of fraud.

"On the question of the 2-year limitation period on said policies in which an action at law or equity must be brought, the court is of the opinion that the defendant's waiver is supported by the testimony and evidence in the case."

In accordance with the conclusions indicated judgment was entered for the plaintiff in the sum of $1,340. Defendant has appealed.

Each of the policies in question contained the following express provision:

"No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within 2 years from the expiration of the time within which proof of loss is required by the policy."

This Court in prior decisions has recognized the binding force of a policy provision of the kind quoted, limiting the period within which suit may be brought. In *Hall* v. *Metropolitan Life Ins. Co.,* 274 Mich 196, defendant affirmatively pleaded that plaintiff's suit to recover could not be maintained because the policy in question required such action

to be brought within 2 years from the expiration of the time within which proof of loss was required to be filed. On behalf of plaintiff it was argued that a request for blanks upon which to make a report had not been honored, and that such action amounted to a waiver of proof of disability. It was held that the 2-year clause in the policy was effective and that defendant's motion for a directed verdict in the trial court should have been granted. See, also, *Lombardi* v. *Metropolitan Life Ins. Co.*, 271 Mich 265.

In *Barza* v. *Metropolitan Life Ins. Co.*, 281 Mich 532 (112 ALR 1283), the plaintiff, an employee of the Fisher Body Corporation, was covered by a group insurance policy providing for the payment of total and permanent disability benefits under proper circumstances. Said policy contained a provision imposing a 2-year time limit on suits for recovery of such benefits. Plaintiff claimed permanent disability. Defendant company was notified by plaintiff's son but apparently no reply was received to his communication. A telephone call resulted in the son being told to take the matter up with the Fisher Body Corporation. This was done, but apparently without results. In upholding the action of the trial judge in granting defendant's motion for a directed verdict, it was held by this Court that plaintiff was bound by the 2-year limitation in the group policy and that the evidence in the case did not establish facts or circumstances barring the application of the 2-year provision on the ground of waiver or estoppel.

In the case at bar plaintiff's claim that defendant by its conduct waived the right to interpose the policy clause in question as a defense to the suit rested in the trial court on the basis of proofs that were partially in dispute. It appears that defendant denied liability on its part in a letter sent by it to

plaintiff under date of July 18, 1956. Thereafter plaintiff retained counsel who on February 11, 1957, addressed the following letter to defendant, attention of its claim manager:

"Please be advised that Mr. Phillip Bashans, of 1925 Mack road, Saginaw, Michigan, has turned over to us for handling his claim for hospitalization, medical expenses and loss of earnings under a policy issued by you, as above set forth.

"We are giving you this opportunity to have your adjuster discuss with us possible settlement of the claim; on the other hand, if you feel that you have sufficiently determined the true facts and believe there is no liability under the policy, please so inform us by return mail so that we may institute suit to have his claim determined in a court of law."

The secretary of defendant company, on February 15, 1957, acknowledged receipt of counsel's letter as follows:

"This will acknowledge receipt of your letter under date of February 11, 1957, and we wish to inform you that we will have a representative call at your office within the next week to 10 days."

Defendant's secretary was a witness on the trial of the case in circuit court and testified that on March 20, 1957, he was in Saginaw, that he called at the office of counsel for plaintiff for approximately 10 to 15 minutes, that he told counsel that he was there in regard to counsel's letter relating to the Bashans claim, and that the purpose of his call was to reaffirm the denial by the company of liability. He further testified that plaintiff's counsel then advised him that suit would be started. The testimony of defendant's witness was disputed, plaintiff's counsel taking the stand and stating that his office records did not indicate that he had an appointment on March 20, 1957, with defendant's secretary, and that he had

no personal recollection of meeting him on that occasion, or of any representative of the defendant being in his office. It was in substance the claim made on behalf of plaintiff that no one representing defendant had contacted plaintiff's counsel either in person, or by written or other form of communication. The conclusion of the trial judge would seem to indicate that he accepted plaintiff's argument that defendant's secretary did not, in fact, call at counsel's office on March 20, 1957, as claimed. The claim of waiver rested on the theory that defendant through its secretary had made an appointment which it had failed to keep.

We do not think it necessary to determine whether the holding of the trial judge was against a preponderance of the proofs. Whether the interview in question was actually held is not conclusive. The interchange of letters between the parties occurred in February, 1957. In acknowledging the communication received from counsel for plaintiff, defendant's secretary did not specifically request that the institution of suit be delayed, nor was it indicated that any further investigation of the facts was deemed necessary. Furthermore, counsel was told that the call at his office would be made within a week or 10 days. Assuming that it was not so made, were plaintiff and his counsel entitled to rely on an assumption that the 2-year limitation clause of the policies was waived indefinitely? We think not. The natural conclusion from the failure to make the call within the time specified would be that the intention to so act had been abandoned.

Neither plaintiff nor his counsel addressed any further communication to defendant. The time within which the suit might have been brought under the terms of the policies passed and the declaration with notice to plead attached was not filed until February 10, 1959, several months after such lapsing.

It may not be overlooked that a period of nearly 2 years passed following the events of February and March, 1957, before the action on the policies was brought.

In *Turner* v. *Fidelity & Casualty Company of New York,* 112 Mich 425 (38 LRA 529, 67 Am St Rep 428), cited on behalf of appellee, the policy of insurance involved required the furnishing of proofs of death or disability within 7 months, and the bringing of proceedings for recovery within 1 year from the time of the injury. Suit was not brought within the period indicated, plaintiff claiming on the trial that said clause of the contract had been waived. In support of such claim there was introduced in evidence a letter from defendant to counsel for the plaintiff in which it was stated that an adjuster for the company would call on counsel, and a specific request was made as follows:

"Kindly allow the matter to rest until our adjuster can see you, and oblige."

Counsel for plaintiff complied with the request. Nothing was done on behalf of either party until the suit was started. Based on the request quoted and noncompliance with the promise made, it was held that the defendant was not entitled to a directed verdict.

In *Dolsen* v. *Phoenix Preferred Accident Ins. Co.,* 151 Mich 228, the policy of insurance involved required that action be brought within 3 months after the time when such right accrued or after denial of liability by the company. It appeared from the proofs in the case that defendant did not deny liability but made a compromise offer of settlement which the plaintiff did not accept. Thereafter correspondence between the parties ensued in the course of which counsel for defendant indicated that he had caused further investigation of the case to be

made, that he would give attention to the matter as soon as possible, and expressly requested counsel for plaintiff to be patient with him. Thereafter, in response to inquiries from plaintiff's attorney defendant's counsel stated that the files in the matter had been taken from him and he was not in position to advise as to the company's attitude. The Court concluded that the delay in starting suit was due to the request made by defendant's counsel, and in the absence of further communication operated to waive the limitation as to the time of bringing suit. Of like import is *Mastenbrook* v. *United States Accident Ass'n,* 154 Mich 16, in which the proofs indicated that the matter in dispute was whether the plaintiff was entitled to total or partial disability. Liability was not denied by the defendant and negotiations continued for some period of time. Under such facts the trial court held that the defendant had by its conduct waived the clause of the policy requiring suit to be brought within 6 months from date of accident or 90 days from date of filing final proofs of loss.

The factual situation involved in the case at bar is materially at variance with that presented in the cases on which counsel for plaintiff relies. Defendant herein did not request counsel for plaintiff to refrain from bringing suit pending further consideration, negotiations or investigations. In the letter of its secretary under date of February 15, 1957, counsel for plaintiff was merely advised that defendant's representative would call on him within a week or 10 days. The purpose for making such call was not indicated. If defendant's secretary did in fact go to counsel's office on March 20, 1957, as he claimed, and there repeated the company's denial of liability, there would have been no excuse for further delay. If such call was not in fact made within the time limited therefor, counsel might well have assumed,

there being no request to the contrary, that institution of suit was indicated. Giving due consideration to the findings of fact indicated by the holding of the circuit judge, legitimate inferences therefrom which this Court must necessarily draw, brings us to the conclusion that there was no waiver of the 2-year limitation clause of the policies allowing plaintiff to delay the bringing of suit for a period of several months beyond the time permitted therefor.

The cause is remanded to the circuit court with instructions to set aside the judgment entered in plaintiff's favor and to enter an order dismissing the case.

DETHMERS, KELLY, SOURIS, and OTIS M. SMITH, JJ., concurred with CARR, C. J.

BLACK and KAVANAGH, JJ., concurred in result.

O'HARA, J., took no part in the decision of this case.