VESTEVICH v LIBERTY MUTUAL INSURANCE COMPANY

INSURANCE—LIMITATION OF ACTIONS—DENIAL OF LIABILITY.

Receipt of notice from an insurance company denying liability on an insurance claim 50 days before the expiration of the one-year limitation provided in the standard policy provided by law allows a plaintiff a reasonable time in which to file his suit, and an accelerated judgment for defendant was proper where the suit was filed after the one-year period (MCLA 500.2832).

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 March 12, 1973, at Detroit. (Docket No. 14742.) Decided May 24, 1973.

Complaint by William Vestevich against the Liberty Mutual Insurance Company for compensation for property damage under an insurance policy. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Vestevich, Dritsas, Evans & Vestevich,* for the plaintiff.

*Johnson, Campbell & Moesta,* for the defendant.

Before: BASHARA, P. J., and V. J. BRENNAN and O'HARA,* JJ.

V. J. BRENNAN, J. Two adjacent residences, owned by the plaintiff and insured by the defendant, were damaged by a furnace explosion on

REFERENCE FOR POINTS IN HEADNOTE

44 Am Jur 2d, Insurance § 1903 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

February 7, 1971. Defendant denied liability by a letter dated December 9, 1971, and received by the plaintiff on December 14, 1971. Plaintiff commenced this suit for compensation under the policy on May 5, 1972.

Defendant moved for accelerated judgment (GCR 1963, 116.1) alleging that plaintiff's claim was barred by the one-year time limitation in the statutory policy of insurance:

> "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless * * * commenced within twelve months next after inception of the loss." MCLA 500.2832; MSA 24.12832.

The trial court held that receipt of notice by the plaintiff 50 days before the expiration of the 1-year period of limitation allowed the plaintiff a reasonable time in which to file his suit. The trial court accordingly granted defendant's motion for accelerated judgment, and plaintiff now appeals challenging this decision.

In *Friedberg v Ins Co of North America,* 257 Mich 291 (1932), our Supreme Court held that a denial of liability less than 30 days from the expiration of the 1-year limitation did not allow the insured a reasonable time in which to commence suit, and that the insurer was estopped from asserting that limitation. A period of "about two months" between the termination of negotiations and the expiration of the one-year limitation has been held "reasonable." *Dahrooge v Rochester German Ins Co,* 177 Mich 442 (1913). The 50–55 day period in this case falls between those two limits; neither the parties nor this Court has uncovered any more explicit authority. Therefore, in reliance on our collective judicial judgment, we

have simply concluded that the trial court was correct. Plaintiff had ample time in which to commence this litigation within the one-year period of limitation.

Affirmed.

All concurred.