THE TOM THOMAS ORGANIZATION, INC, v RELIANCE
INSURANCE COMPANY

Docket No. 56442. Argued October 9, 1975. Resubmitted December 19,
1975 (Calendar No. 11).—Decided June 3, 1976.

The Tom Thomas Organization, Inc., brought an action against
Reliance Insurance Company under an inland marine insur-
ance policy to recover the cost of remaking films and sound
tapes of a television program, the originals of which were lost
while in transit as baggage on a commercial airline. The
originals were found after the remade program was delivered
to the customer. The Oakland Circuit Court, Richard D. Kuhn,
J., denied defendant Reliance's motion for summary judgment,
holding that Reliance was estopped to assert the 12-month
limitation on suit in the policy. On appeal by leave granted, the
Court of Appeals, Quinn, P. J., and Bashara and Van Valken-
burg, JJ., reversed in an unpublished per curiam opinion
(Docket No. 19309). Plaintiff appeals. *Held:*

The running of the period of limitation in the policy was
tolled from the time the insured gave notice of the loss until
the insurer formally denied liability. Such a construction of the
policy gives effect to the literal language of the limitation
provision while not penalizing the insured for the time taken
by the insurer in pursuing its rights under the proof of loss and
payment of claims provisions of the policy, and avoids applying
the concepts of waiver and estoppel to varying states of facts.
Substantial delays are built into the claims procedure of stan-
dard insurance policies, and the practical consequence (in the
absence of such a construction) is a considerable shortening of

REFERENCES FOR POINTS IN HEADNOTES

[1–8] 44 Am Jur 2d, Insurance § 1903 *et seq.*

Constitutionality, construction, and application of statutes relating
to contractual time limitation provisions of insurance policies.
112 ALR 1288.

Limitation of action against liability insurer for failure to settle
claim or action against insured. 68 ALR2d 892.

Validity of contractual time period, shorter than statute of limita-
tion, for bringing action. 6 ALR2d 1197.

the time within which suit may be commenced. In the instant case approximately five months elapsed between notice of loss and formal denial of the claim, and suit was timely brought when commenced approximately 15 months after the date of loss.

Justice Lindemer, joined by Justice Coleman, dissented on the ground that any change in the law to toll the running of the contractual period of limitation from the date of notice of loss until the date of denial of the claim should be accomplished through the legislative process rather than by judicial fiat. To adopt such a rule is, in effect, to rewrite the contract in favor of the party which did not act upon its bargained-for rights for a seven-month period. The insured's suit against the insurer is barred by the contractual limitation. The date of loss for this cause of action is the date the films were lost, not the date of their eventual recovery. There is nothing in the record to indicate that the insurer waived its right to assert the 12-month limitation.

Reversed and remanded for trial.

### OPINION OF THE COURT

1. INSURANCE—ACTION ON POLICY—LIMITATION PERIOD.

The general rule, absent statute, is that a provision in a policy of insurance limiting the time for bringing suit is valid if reasonable even though the period is less than that prescribed by otherwise applicable statutes of limitation.

2. INSURANCE—ACTION ON POLICY—LIMITATION PERIOD.

A provision in an insurance policy that suit on the policy must be brought within 12 months after loss or discovery of loss may represent a reasonable balance between the insurer's interest in prompt commencement of action and the insured's need for adequate time to bring an action, but because of substantial delays built into the policy by the claims procedure, the practical consequence is that the time within which suit may be commenced after a claim is denied is considerably shorter.

3. INSURANCE—ACTION ON POLICY—LIMITATION PERIOD.

The contractual period of limitation in which to bring suit on a policy of insurance begins to run from the date of the casualty or discovery of the loss as provided by the policy, but its running is tolled from the time the insured gives notice of the loss until the insurer formally denies liability.

DISSENTING OPINION

COLEMAN and LINDEMER, JJ.

4. INSURANCE—ACTION ON POLICY—LIMITATION PERIOD.

*A provision of an insurance policy limiting the time for bringing suit is valid even though the period is less than that prescribed by otherwise applicable statutes of limitations.*

5. INSURANCE—ACTION ON POLICY—LIMITATION PERIOD—ACCRUAL OF CLAIM.

*The occurrence which gave rise to a claim under a personal property insurance policy, for the purpose of starting the 12-month period of limitation on suit in the policy, was the loss of the property in transit on an airline, and not its recovery several months later, where the insured was attempting to recover the cost of duplication of the property caused by its unavailability.*

6. INSURANCE—ACTION ON POLICY—LIMITATION PERIOD—ESTOPPEL.

*An insurer is not estopped from pleading a limitation in the insurance policy on the time for bringing suit unless the insurer's action prior to its denial of liability deprives the insured of a reasonable opportunity to file a timely suit.*

7. INSURANCE—ACTION ON POLICY—LIMITATION PERIOD.

*Adoption of a change in the law to toll the running of a limitation period in an insurance policy for the bringing of suit under the policy from the date of notice of loss until the date of denial of the claim is properly left to the legislative process.*

8. INSURANCE—ACTION ON POLICY—LIMITATION PERIOD—UNCONSCIONABILITY.

*A 12-month limitation period for the bringing of suit in an insurance policy is not so commercially unreasonable that it shocks the conscience of the court, even assuming that the provision is from a standard insurance form and there is a wide disparity in the bargaining power of the parties.*

*Frederick G. Bahr (Hayim I. Gross* and *John L. Salter,* of counsel) for plaintiff.

*Roy H. Christiansen* and *Robert R. Nix, II (Lowell C. Stellberger,* of counsel) for defendant.

LEVIN, J. Tom Thomas Organization, Inc., commenced this action to recover damages resulting from the loss of films and tapes which were insured under an inland marine policy issued by Reliance Insurance Co.[1]

Reliance asserts that the 12-month limitation on suit contained in the policy began running December 14, 1971, the date of loss, and bars Thomas' action, which was commenced March 16, 1973. Thomas contends that the period of limitation did not begin to run until Reliance denied liability on June 22, 1972. Thomas alternatively contends that Reliance is estopped by its conduct from relying on the limitation.[2]

The circuit court denied Reliance's motion for summary judgment on the ground of estoppel. The Court of Appeals reversed, holding that the period of limitation began to run on the date of loss and that Reliance was not estopped from asserting the limitation because it had denied liability six months before the period ran.

We reverse the Court of Appeals.

The running of the period of limitation was tolled from the date Tom Thomas gave notice of loss until liability was formally denied by Reliance.

The question whether Reliance has any liability under the policy for this loss has not been adjudicated and is not before this Court. The cause is remanded for trial.

I

The insurance policy provides that no action

---

[1] Tom Thomas' claim against Marsh & McLennan is for breach of an asserted duty to provide insurance coverage.

[2] Thomas also contends that a new claim arose March 23, 1972, when the lost films and tapes were returned. Thomas had already remade the films and tapes to meet a February contract obligation.

It is unnecessary to decide this question.

"shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim * * * ".

The general rule, absent statute, is that a provision in a policy of insurance limiting the time for bringing suit is valid if reasonable even though the period is less than that prescribed by otherwise applicable statutes of limitation.[3]

While a 12-month limitation on suit may represent a reasonable balance between the insurer's interest in prompt commencement of action and the insured's need for adequate time to bring an action,[4] the insured usually does not have the full 12 months within which to commence an action.

Substantial delays are built into standard insurance policies. The insured is generally allowed 60 to 90 days to file proof of loss. The insurer is generally given another 60 days to pay or settle the claim.

Notwithstanding diligence by both parties at all stages of the claim procedure, considerable time often elapses before the insured learns whether the insurer will pay. Even if the insured promptly reports a loss to his insurance agent, discussions concerning resolution of the claim may take

---

[3] See Anno: *Validity of Contractual Time Period, Shorter than Statute of Limitations, for Bringing Action,* 6 ALR3d 1197 (1966).

[4] The general statute of limitation on contract obligations in Michigan is six years. MCLA 600.5807(8); MSA 27A.5807(8). Policy limitations of less than six years have been enforced by this Court without discussion of reasonableness. *See, e.g., Lombardi v Metropolitan Life Insurance Co,* 271 Mich 265; 260 NW 160 (1935) (group disability plan; two-year limitation); *Bashans v Metro Mutual Insurance Co,* 369 Mich 141; 119 NW2d 622 (1963) (accidental injury and illness; two-year limitation); *Dahrooge v Rochester German Insurance Co,* 177 Mich 442; 143 NW 608 (1913) (standard fire insurance policy; one-year limitation); *Betteys v Aetna Life Insurance Co,* 222 Mich 626; 193 NW 197 (1923) (disability or death indemnity policy; one-year limitation); *Harris v Phoenix Accident & Sick Benefit Ass'n,* 149 Mich 285; 112 NW 935 (1907) (accident and sick benefit policy; six-month limitation).

weeks. Additional time often passes before the insurance company provides a form for filing proof of loss. Even then the insured does not know whether it will be necessary to start an action; under the policy in this case, payment is not required until 60 days after "acceptance" by the insurer of the proof of loss. No time limit for acceptance is imposed.

While inclusion of such terms in a policy clarifies the claims procedure, the practical consequence is considerable shortening of the time within which suit may be commenced. Here the films and tapes were lost December 14, 1971. Thomas reported the loss January 20, 1972 and filed proof of loss March 7, 1972. Reliance denied the claim June 22, 1972—more than 60 days after the proof of loss was filed. Over half of the 12-month period of limitation had elapsed between discovery of the occurrence giving rise to the claim and formal denial of the claim.

## II

The New Jersey Supreme Court, in *Peloso v Hartford Fire Insurance Co,* 56 NJ 514; 267 A2d 498 (1970), reached what we regard to be a sound result reconciling policy provisions concerning proof of loss and payment of claims with the provision imposing a time limitation for commencement of an action. Suit on a fire insurance policy was instituted 18 months after the date of the fire and 9 months after liability was denied by the insurer. The Court noted that while the policy purported to give the insured 12 months to begin an action, operation of the proof of loss and payment of claim terms significantly shortened that period of time. The Court concluded that the period of limitation was tolled from the time an

insured gives notice of loss until the insurer formally denies liability:

"In this manner, the literal language of the limitation provision is given effect; the insured is not penalized for the time consumed by the company while it pursues its contractual and statutory rights to have a proof of loss, call the insured in for examination, and consider what amount to pay; and the central idea of the limitation provision is preserved since an insured will have only 12 months to institute suit. We think this approach is more satisfactory, and more easily applied, than the pursuit of the concepts of waiver and estoppel in each of the many factual patterns which may arise."

The Supreme Court of Alaska, in *Fireman's Fund Insurance Co v Sand Lake Lounge, Inc,* 514 P2d 223, 226–227 (Alas, 1973), reached a like result by finding the policy limitation unconscionable. The Court noted that insurance companies use form policies and consumers have a take-it-or-leave-it option. The Court declined to interpret the policy phrase "inception of the loss" to mean the date of the fire. Analogizing to the Uniform Commercial Code,[5] which permits reduction of the four-year statute of limitation by agreement of the parties but not to less than one year, the Court held that the insured must be allowed a full year from the accrual of a cause of action to sue and that a cause of action does not accrue until formal denial of a claim.[6]

---

[5] The Uniform Commercial Code, art 2, § 2-725(1) provides that the four-year limitation period contained in the Code for breach of contract actions arising out of the sale of goods may be reduced by agreement of the parties, but may not be reduced to less than one year from the date of accrual of the cause of action. The Alaska Court expressed its agreement with Professor Corbin that this was a sound provision and should apply to contracts other than contracts for sale of goods.

[6] "Our holding in this case is supported by an important practical

The United States Court of Appeals for the Ninth Circuit, applying Nevada law,[7] extended the 12-month limitation period provided in a casualty policy by the 60-day payment of claim period. The Court quoted with approval *Steel v Phoenix Insurance Co,* 51 F 715, 721 (CA 9, 1892), *aff'd* 154 US 518; 14 S Ct 1153; 38 L Ed 1064 (1893):

" ' * * * A policy of insurance which contains conditions reducing the statutory time for the commencement of any suit thereon ought, in justice and equity, to be so construed—if reasonable under its terms—as to give the full period of time mentioned in the policy, freed from the provisions of all other clauses of the policy, or from the conduct of the insurance company, limiting, or attempting to limit, the time actually given in the limitation clause. This, it appears to us, is the consistent and logical view that ought to be taken of such policies of insurance. * * * It would prevent either party from taking any undue or improper advantage of the other.' " *Westchester Fire Insurance Co v Sperling,* 421 F2d 141 (CA 9, 1970).

In this case the policy allowed the insured 90 days from discovery of loss to file proof of loss and gave the insurer 60 days from presentation and

consideration. In insurance loss cases, adequate preparation of a proof of loss requires a substantial amount of time. Even after submitting his proof, a claimant typically must wait for 60 days before filing suit. The standard policy provision affords insurance companies that 60-day period within which to accept the proof of loss. Were we to read 'inception of the loss' as meaning the date of the fire, the operational effect of that decision would be to reduce the limitation period to considerably less than one year from the date the cause of action accrued." *Fireman's Fund Insurance Co v Sand Lake Lounge, Inc, supra,* 227.

[7] The Court noted that under *Erie R Co v Tompkins,* 304 US 64; 58 S Ct 817; 82 L Ed 1188 (1938), it was bound to follow Nevada law. Since the Nevada courts had not decided the question, the Federal court anticipated how a Nevada court would have decided it. *Westchester Fire Insurance Co v Sperling,* 421 F2d 141, 142 (CA 9, 1970).

acceptance of proof of loss to pay the claim.[8]

The effect of these terms is to substantially shorten the 12-month limitation period for commencement of suit. The policy permits a delay of up to 150 days after discovery of loss for filing proof of loss and payment. An indefinite additional period of time—for "acceptance" after "presentation" of the proof of loss—is allowed the insurer before the 60-day period for payment begins to run.

We adopt the approach of the New Jersey Supreme Court.[9] The appropriate resolution is not to allow the contractual period of limitation to run

---

[8] "3. Notice of Loss: The Insured shall as soon as practicable report in writing to the Company or its agent every loss, damage or occurrence which may give rise to a claim under this policy and shall also file with the Company or its agent within ninety (90) days from date of discovery of such loss, damage or occurrence, a detailed sworn proof of loss.

\* \* \*

"16. Settlement of Loss: All adjusted claims shall be paid or made good to the Insured within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company."

[9] The policy in the *Peloso* case was a standard fire insurance policy prescribed by New Jersey statute. (The terms of the standard fire insurance policy in Michigan are likewise prescribed by statute, MCLA 500.2832; MSA 24.12832.)

Whether construing statutes or contracts, courts look to the language used and the context for the purpose sought to be achieved. In interpreting a statute, a court is guided by legislative intent; in construing a contract, it looks for the intent of the parties. Courts are not less constrained in construing statutory terms than they are in construing terms agreed to by contracting parties.

While Thomas, unlike the plaintiff in *Peloso,* was not expressly precluded from bringing suit before expiration of the 60-day "settlement of loss" period, the contract of insurance between Thomas and Reliance provides: "This policy is made and accepted subject to all the conditions which are hereby specifically referred to and made a part of this policy \* \* \* ." Although by its terms the policy did not make the "proof of loss" and "settlement of loss" terms conditions precedent to bringing suit, it would have been violative of the policy to commence suit before complying with these conditions. Reliance cannot be heard to say that Thomas had a full 12 months because he might have ignored the provisions of the policy and commenced an action immediately after the loss without trying to settle his claim.

from the date of the casualty or, as provided in this policy, discovery of the loss, but to toll the running of the limitation from the time the insured gives notice until the insurer formally denies liability.[10]

It appears that Thomas gave notice of the loss on or about January 20, 1972 (although proof of loss was not filed until March 7, 1972) and Reliance denied liability June 22, 1972. The running of the limitation was tolled for approximately five months and did not expire until mid-May, 1973. Thomas' action was timely commenced on March 16, 1973 and is not barred by the limitation.

It is unnecessary to reach the alternative argument advanced by Tom Thomas—unconscionability and the reasonableness of a one-year limitation. We predicate our holding on reconciliation of the provisions of the policy.

Reversed and remanded for trial.

KAVANAGH, C. J., and WILLIAMS and FITZGERALD, JJ., concurred with LEVIN, J.

---

[10] We appreciate that this Court has previously rejected the contention that a limitation "12 months next after the fire" does not begin to run until after the insured has completed all the steps in the claim procedure *(Dahrooge v Rochester German Insurance Co, supra,* p 448) and that policyholder efforts to enlarge a limitation period prescribed in an insurance policy have been analyzed in terms of waiver and estoppel (see 14 Callaghan's Michigan Civil Jurisprudence, § 473). Waiver and estoppel analysis results in considerable uncertainty concerning the "resaonableness" of the time remaining for suit. Tierney, *Contracts, 1971 Annual Survey of Michigan Law,* 18 Wayne L R 265, 297–299 (1972). Arguably, if the insurer is estopped from asserting the limitation or is found to have waived it, there is no set time other than the general statutes of limitations within which an action may be commenced.

We find no Michigan case considering the analysis we adopt, reconciling the contractual terms to find that the limitation specified in the policy begins running at the date of loss or its discovery but is tolled until denial of liability by the insurer. A point "neither considered by the Court nor discussed" is not decided. *Bostrom v Jennings,* 326 Mich 146, 156–157; 40 NW2d 97 (1949).

Ryan, J., took no part in the decision of this case.

Lindemer, J. *(dissenting)*. This lawsuit involves a claim for payment under the provisions of an insurance contract. The Court of Appeals has held the insured's (Tom Thomas) suit against the insurer (Reliance) is barred by a contractual limitation. We agree.

Tom Thomas, a producer of motion pictures, entered into an insurance contract with Reliance which contained the following clause:

"7. Suit: No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim."

Subsequently, the following events occurred:

12-14-71 Approximately 8,000 feet of exposed but unprocessed 16-mm motion picture film and 10 reels of recorded 1/4-inch sound tapes in transit from Jackson Hole, Wyoming to New York, New York could not be located at their destination. As of mid-January, 1972, the tapes and films remained missing.

1-20-72 In a telephone conversation an employee of Tom Thomas reports the events of 12-14-71 to Reliance's agent, Marsh & McLennan.

Mid-January, 1972 In order to fulfill its contract, Tom Thomas is required to return to location in Wyoming and refilm and rerecord the entire

film episode. The new films and tapes are completed and delivered to Tom Thomas' client in February, 1972.

3-7-72 Tom Thomas files a written claim and proof of loss as required by the insurance policy. The claim is for expenses incurred during the refilming.

3-23-72 The original tapes and films are recovered intact at an airport in Bozeman, Montana. Tom Thomas immediately notifies Reliance that the films have been located.

6-22-72 Tom Thomas' claim is denied by Reliance because:

1.) There was no direct physical loss or damage to the property.

2.) The policy excludes loss of market, damage or deterioration arising from delay, whether such delay be caused by a peril covered or otherwise.

3-16-73 This lawsuit is commenced in Oakland Circuit Court.

Tom Thomas objects to the summary judgment treatment ordered by the Court of Appeals. Initially, Tom Thomas contends that it has complied with the 12-month limitation period. To accept that argument is to believe that recovery of the films on March 24, 1972, was "the occurrence which gives rise to the claim". Plaintiff itself describes the claim as arising "from the property being unavailable, thus necessitating the reshooting of the film in order to satisfy plaintiff's contractual commitments (the basis of the second claim)". Plaintiff's brief at page 13. Such cost is "occasioned" not by the recovery but by the original loss of the film. Under the contractual lan-

guage the date of loss for this cause of action is December 14, 1971, not March 23, 1972.

Next Tom Thomas argues that the conduct of Reliance preceding the June 22d denial amounted to either waiver of the contractual limitation or estoppel to assert it. Waiver is the voluntary relinquishment of a known right. Estoppel is a bar or impediment to the assertion of a right. Estoppel occurs when a party's action induces detrimental reliance in the other party. We find nothing in the record to indicate that Reliance waived its right to assert the 12-month contractual limitation. Also without merit is Tom Thomas' claim that Reliance should be estopped from pleading the contractual limitation. The trial judge found the doctrine of estoppel should be applied to the case. The Court of Appeals, in an unpublished per curiam opinion, Docket No. 19309, released October 23, 1974, rejected that notion:

"The courts of this State have long sustained the validity of provisions similar to the one herein involved, so long as the insurance carrier does not lull plaintiff into a feeling of false security and prevent the filing of timely suit. *Dahrooge v Rochester German Insurance Co,* 177 Mich 442; 143 NW 608 (1913). It makes no difference whether or not such limitation is created by statute or by contract. *Guastello v Citizens Mutual Insurance Co,* 11 Mich App 120; 160 NW2d 725 (1968). In the instant proceeding, plaintiff was notified of defendant's rejection of its claim, on June 22, 1972. Plaintiff had approximately 6 months before the limitation expired in which to file suit, yet it did not. Such failure is fatal and requires reversal of the trial court's denial of defendant's motion for summary judgment. *Vestevich v Liberty Mutual Insurance Co,* 47 Mich App 490; 209 NW2d 486 (1973); see also *Robinson's Home Outfitting Co v Globe Indemnity Co,* 31 Mich App 104; 187 NW2d 522 (1971)."

We agree. The concept of detrimental reliance is at the heart of the estoppel doctrine. In the context of this case, the detriment which must have been suffered is the inability on the part of Tom Thomas to file their lawsuit within the contractual limitation period. We are unwilling to say that Reliance's actions prior to their denial of liability on June 22, 1972, deprived Tom Thomas of a reasonable opportunity to file a timely lawsuit.

In an effort to avoid the effect of the 12-month limitation, Tom Thomas, relying upon *Peloso v Hartford Fire Insurance Co,* 56 NJ 514; 267 A2d 498 (1970), argues that the running of the limitation period should be tolled from the date of notice of loss until the date of denial of the claim. This argument is discussed and adopted by the signatories of Justice LEVIN's opinion. While we express no opinion concerning the wisdom of this approach, we believe the adoption of this change in the law should be accomplished through the legislative process rather than by judicial fiat. To adopt such a rule of law is, in effect, to rewrite the contract in favor of the party which, for a six-month period, was guilty of sleeping on its bargained-for rights. We cannot agree that appellants are entitled to this sort of relief.

Finally, Tom Thomas argues that the 12-month limitation period should not be applied on the grounds of unconscionability. Tom Thomas alleges that the clause involved was from a standard form insurance policy used throughout the industry and that there was a wide disparity in the bargaining power of the parties. Even assuming these facts to be true, we still reject the argument. Unconscionability has been defined as:

" * * * an absence of meaningful choice on the part

of one of the parties together with contract terms which are unreasonably favorable to the other party." *Williams v Walker-Thomas Furniture Co*, 121 US App DC 315, 319; 350 F2d 445; 18 ALR 3d 1297 (1965).

We cannot accept the argument that the 12-month limitation period should be found so commercially unreasonable that it shocks the conscience of this Court to find that it was included in this contract.

We would affirm the Court of Appeals.

Coleman, J., concurred with Lindemer, J.