991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STANDARD FEDERAL BANK, Plaintiff-Appellant,
v.
RELIANCE INSURANCE COMPANY, Defendant-Appellee
 No. 92-1760.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1993.
 
 Before MERRITT, Chief Judge, and BOGGS and BATCHELDER, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 This is a diversity action by a bank against an insurance company under a fidelity bond to recover for losses resulting from fraud committed by a former bank employee. The insurance policy has a 24-month contractual limitation period in which the bank must sue for its claimed losses under the bond. The District Court concluded that the 24-month limitation had expired before the bank brought this action. It therefore granted summary judgment in favor of the insurance company.
 
 
 2
 In a fairly complicated scheme that was difficult to detect, a former bank branch manager embezzled funds over a several-year period by making unauthorized withdrawals from individual accounts, creating dummy accounts and destroying signature cards to hide the withdrawals. The action underlying this appeal was to recover under the insurance policy for the losses the bank sustained because of this embezzlement.
 
 
 3
 The bank entered into an insurance bond contract with the insurance company in 1983 which covered losses arising from employee fraud. The insurance contract provides for time limitations on claims, as follows:
 
 
 4
 Legal proceedings for the recovery of any loss hereunder shall not be brought prior to the expiration of 60 days after the original proof of loss is filed with the Underwriter or after the expiration of 24 months from the discovery of such loss.
 
 
 5
 On July 10, 1987, after the embezzler had left the bank, the new bank manager first suspected fraud and investigated. On July 29, 1987, the bank provided the insurance company with written notice of a potential loss. Both parties agree that the loss was "discovered" under the contract no later than July 29, 1987, and that the 24-month limitation period began to run on this date. On April 19, 1988, some nine months after the loss was discovered, the bank submitted a proof of loss and claim for $143,915. The policy had a $100,000 deductible, and the insurance company paid the bank $43,915 with a check dated August 1, 1988.
 
 
 6
 As a result of further auditing, the bank determined that the former employee had embezzled an additional $94,849, and sent the insurance company a second notice of loss on March 23, 1989, seven months after the first claim was settled. The bank provided a proof of loss and made a supplemental claim on September 19, 1989 for $94,849. On January 15, 1990, the insurance company rejected this supplemental claim.
 
 
 7
 On August 27, 1991, 19 months after the insurance company rejected the supplemental claim, the bank filed suit in the Circuit Court for the County of Kalamazoo against the insurance company for $94,849, which it claimed was due under the bond. The case was removed to the United States District Court for the Western District of Michigan, which granted the insurance company's motion for summary judgment because the 24-month limitation period had expired.
 
 
 8
 Obviously if the 7-month period between the first payment (August 1, 1988) and the second notice of loss (March 23, 1989) is not tolled but is counted as part of the 24-month limitation period, then the 24-month contractual limitation period expired. This is because the 7-month period plus the 19-month delay in filing suit exceed the limitation period. The question put to us by the parties is whether the 7-month period should be counted or tolled.
 
 
 9
 The insurance contract is governed by Michigan law, which allows parties to limit the time for bringing a lawsuit to less than that provided by the otherwise applicable statute of limitations. The Tom Thomas Organization, Inc. v. Reliance Insurance Co., 242 N.W.2d 396, 397 (Mich.1976). Both parties agree, however, that under the rule set forth in Tom Thomas and followed by Michigan courts, see, e.g., Hamdi v. Michigan Basic Property Ins., 475 N.W.2d 467, 468 (Mich.App.1991), Aldalali v. Underwriters at Lloyd's, 435 N.W.2d 498, 499 (Mich.App.1989), the limitation period is tolled from the time the insured gives notice of a loss until the insurer formally denies liability. Tom Thomas, 242 N.W.2d at 399-400. The policy underlying this rule is to prevent the insured from being "penalized for the time consumed by the company while it pursues its contractual and statutory rights to have a proof of loss, call the insured in for examination, and consider what amount to pay." Id. at 398 (quoting Peloso v. Hartford Fire Insurance Co., 267 A.2d 498 (N.J.1970)).
 
 
 10
 The bank claims that the Tom Thomas rule tolls the entire time from its very first notice of loss on July 29, 1987 until January 15, 1990, when the insurance company denied its supplemental claim. This is not the intent of the rule. The Tom Thomas rule is meant to keep an insured's right to sue from lapsing because of the time spent by an insurer investigating and processing claims. The bank's proffered interpretation would render the contractual limitation period meaningless because an insured could preserve its right to sue indefinitely by periodically adding to its purported losses under a single claim.
 
 
 11
 The bank has not argued that the initial proof of loss and the supplemental claim should be treated as two separate claims requiring separate tolling. It concedes that there is only one claim and one loss under the policy.[1] Both parties agree that there were 19 non-tolled months in the period after the insurance company denied the supplemental claim on January 15, 1990. Because the limitation period was not tolled during the seven months between the first loss payment and the supplemental claim, the bank's action was at least two months too late. Summary judgment was proper.
 
 
 12
 The summary judgment in favor of appellee is AFFIRMED.
 
 
 
 [1]
 The insurance company argues in its brief that the insurance bond had been terminated by the time of the second claim and the bank presumably takes the position that there was only one claim to avoid having to defend against this termination argument. Because we find that the limitation period had expired prior to the bank's filing this suit, we do not reach that issue