FLINT WHOLESALE JEWELERS, INC., *v.* UNITED
STATES FIDELITY AND GUARANTY COMPANY.

INSURANCE — LIMITATION OF ACTIONS — WAIVER — REASONABLE
    TIME.

    Plaintiff's suit was barred by the one-year limitation of action
    period specified in his insurance policy where there were more
    than four months between the date a letter was sent confirming
    the insurance company's adjuster's denial of loss and the last
    date, as provided by the policy, on which suit could be filed,
    because the period of time was a reasonable time.

Appeal from Genesee, Anthony J. Mansour, J.
Submitted Division 2 May 5, 1970, at Lansing.
(Docket No. 8,488.) Decided October 6, 1970.

Complaint by Flint Wholesale Jewelers, Inc.
against United States Fidelity and Guaranty Co.
and the Glen Falls Insurance Company to recover
losses caused by a burglary. Judgment for defendants. Plaintiff appeals. Affirmed.

*Gary W. Brasseur,* for plaintiff on appeal.

*Gault, Davison & Bowers,* for defendant United
States Fidelity and Guaranty Company.

*Davies, Rudzki & Zeder (Clair R. Carney,* of
counsel), for defendant Glen Falls Insurance Company.

REFERENCES FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance §§ 1906, 1911.
Insurer's denial of liability as suspending running of statute
    of limitations or limitation provision of policy.    171 ALR
    577.

Before: T. M. BURNS, P. J., and QUINN and ROBERTS,* JJ.

PER CURIAM.  During 1967, the plaintiff purchased insurance policies from both defendants to protect against losses occasioned by theft or other casualties.  These policies covered physical damage to the building as well as losses of inventory.  The policies provide that actions on them shall be commenced within one year of the date of the discovery of the loss.

On December 23, 1967, a burglary occurred on the plaintiff's business premises.  Plaintiff informed the defendant companies of the burglary and an investigation was begun by defendants' agent, the General Adjustment Bureau.

Although there is some disagreement as to whether the claims adjuster told the plaintiff that the defendants would pay for the repair of a hole in the roof through which the burglars allegedly gained entry, he did advise the plaintiff to cover the hole.  The adjuster also requested documentation of the loss and a physical inventory of the items purported to be stolen.

On April 4, 1968, defendants retained a firm of independent auditors to ascertain the exact extent of the plaintiff's loss.  The auditors reported on June 11, 1968, that the records of the plaintiff failed to indicate any loss of inventory.  Relying on this report, an adjuster representing the defendants notified the plaintiff on July 25, 1968, that the defendants would neither accept nor make payment on the alleged burglary loss of inventory.  They did, however, acknowledge liability for damages to the physical property other than inventory.

* Circuit judge, sitting on the Court of Appeals by assignment.

A letter was sent to the plaintiff on August 21, 1968, confirming the adjuster's denial of the loss because of the failure of the plaintiff's stock records to show a loss.

On May 13, 1969, the plaintiff instituted suit against the defendants on their respective contracts. In response, defendants moved for dismissal on the basis that the one-year contractual limitation for bringing suit had not been complied with. The trial court treated these motions as motions for accelerated judgment and granted them under the provisions of GCR 1963, 116.1(5) and the law as stated in *Bashans* v. *Metro Mutual Insurance Company* (1963), 369 Mich 141.

We affirm. The trial court was correct in holding that as a matter of law there was no waiver of the contract limitation on actions. Plaintiff had from August 21, 1968 to December 23, 1968, within which to file its action in accordance with the terms of the contracts. This is a reasonable time. *Law* v. *The New England Mutual Accident Association* (1892), 94 Mich 266.

Affirmed with costs to defendants.