ARMAND v TERRITORIAL CONSTRUCTION, INC

Docket No. 78-1525. Submitted February 8, 1979, at Lansing.—Decided June 5, 1979. Leave to appeal applied for.

W. R. Armand, doing business as Armand Drilling and Dewatering, was a subcontractor on a construction project. The general contractor, Territorial Construction, Inc., was the principal on a labor and material payment bond issued by Sentry Insurance a Mutual Company. The bond provided that any claimant who had not been paid within 90 days after ceasing work on the project could sue on the bond. The bond also provided that no action could be commenced after 1 year from the time the principal ceased work. Armand and Territorial both ceased work on November 5, 1974. Armand was not paid, and brought an action against Territorial and Sentry on November 18, 1975, in district court, which granted summary judgment for Armand. Sentry appealed to circuit court, which reversed and remanded. The district court then granted accelerated judgment for Sentry. Armand appealed to the Oakland Circuit Court, which affirmed, Robert L. Tempin, J. Armand appeals by leave granted. *Held:*

In order to effectuate the literal language of the bond's limitation provision, a claimant must be provided one year within which suit may be filed. Because Armand was precluded by the terms of the bond from filing suit for 90 days after stopping work, the limitation period should begin to run at the end of the 90-day period. Armand's filing was timely, and accelerated judgment for Sentry was improper.

Reversed.

LIMITATION OF ACTIONS — BONDS — LITERAL LANGUAGE.

A provision in a labor and material payment bond which limits the time in which a claimant may bring suit for payment on the bond is to be construed so as to effectuate the literal language of the provision; where the bond also provides that suit cannot be commenced within 90 days after cessation of

REFERENCES FOR POINTS IN HEADNOTE
13 Am Jur 2d, Building and Construction Contracts § 14.
17 Am Jur 2d, Contractors' Bonds §§ 122, 124.

work, the bond's 1-year limitation period begins to run at the end of the 90-day period.

*Amberg, Miller & Macpherson, P.C.,* for plaintiff.

*Freihofer, Oosterhouse, DeBoer, Barnhart & Cooper, P.C.* (by *Mark H. Verwys*), for defendant Sentry Insurance a Mutual Company.

Before: BASHARA, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

V. J. BRENNAN, J. This is an action by W. R. Armand, d/b/a Armand Drilling and Dewatering, to recover on a labor and material payment bond issued by Sentry Insurance to Territorial Construction, Inc.

Territorial Construction, Inc, was engaged by John C. Helveston as general contractor for a development project in Independence Township. Plaintiff then entered into a contract with Territorial to perform dewatering services and supply certain equipment. Some 11 days before the Armand contract was entered into, Sentry Insurance issued a labor and material payment bond naming Territorial as principal and John C. Helveston as owner/obligee.

The bond provisions applicable to this suit provide:

"2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due

claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

"3. No suit or action shall be commenced hereunder by any claimant:

\* \* \*

"(b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."

Plaintiff ceased its dewatering operation on November 5, 1974, and Territorial was not physically present on the job site after that date. Presumably plaintiff was not paid for its services, and a written notice of claim was given to Sentry on September 3, 1975. The claim was denied one month later and plaintiff commenced this suit in district court on November 18, 1975.

On June 8, 1976, a hearing was held before Judge Gerald E. McNally on Sentry's motion for accelerated judgment based upon the one-year limitation of action clause contained in the bond. On September 20, 1976, Sentry's motion was denied and plaintiff's motion for summary judgment was granted.

On appeal to the Oakland County Circuit Court the judgment was reversed and remanded for further proceedings. On remand, after further factual determinations, Judge McNally granted Sentry's motion for accelerated judgment. This judgment was affirmed by the circuit court, and plaintiff appeals by leave granted.

On appeal we are asked to reconcile and construe the force and effect of the above-quoted bond

provisions pertaining to a claimant's time limitation for bringing suit on the bond.

Both the district court and the circuit court devoted much attention to the applicability of *The Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976), to the case at bar. Although *Thomas* dealt with contract provisions substantially different than those presented here, the underlying rationale employed to construe the limitation of action clause is equally applicable to the present case.

In *Thomas* the plaintiff brought suit to recover damages for the loss of certain films which were insured by defendant. The policy in question contained a 12-month limitation of action clause commencing from the date of loss. The loss occurred on December 14, 1971, and the suit was filed on March 16, 1973. The Court pointed out that "substantial delays" were built into the policy which allowed the insured 90 days from the discovery of loss to file proof of loss and gave the insurer 60 days from presentation and acceptance of proof of loss to pay the claim. The Court held that the contractual period of limitation was tolled from the time the insured gave notice until the insurer formally denied liability.

The *Thomas* Court essentially construed the limitation provision as extending to the insured the full period as set forth in the contract (exclusive of time consumed in administrative procedure). The Court, p 595, quoted from *Westchester Fire Ins Co v Sperling,* 421 F2d 141, 142 (CA 9, 1970), as follows:

" ' "* * * A policy of insurance which contains conditions reducing the statutory time for the commencement of any suit thereon ought, in justice and equity, to be so construed—if reasonable under its terms—as to

give the full period of time mentioned in the policy, *freed from the provisions of all other clauses of the policy,* or from the conduct of the insurance company, limiting, or attempting to limit, the time actually given in the limitations clause. This, it appears to us, is the consistent and logical view that ought to be taken of such policies of insurance. * * * It would prevent either party from taking any undue or improper advantage of the other." ' " (Emphasis added.)

In the present case paragraph 2 of the bond precludes the filing of a suit by a claimant for 90 days after the claimant last furnished work or materials. Presumably this period would be used by the claimant to procure payment from the principal or obligee. If payment is then procured, action on the bond is obviated. This 90-day period is analogous to the time consumed in *Thomas* wherein the insured was required to process the claim administratively before commencing an action. As such this 90-day period substantially reduced the one-year limitation of action provision set forth in paragraph 3(b) of the bond. Such a reduction violates the underlying rationale of *Thomas* which is to effectuate the "literal language of the limitation provision".

Applying this rationale to the facts present warrants the finding that the claimant must be provided at least one year (the literal language of the limitation provision) wherein suit may be filed. Therefore the one-year limitation begins to run from that point in time in which the claimant may first file suit. Here the plaintiff ceased its dewatering operation and the principal ceased work on November 5, 1974. Pursuant to paragraph 2 of the bond, plaintiff could not commence suit for another 90 days. The one-year limitation began to run at the end of the 90-day period, and the filing

of the suit on November 18, 1975, was well within the one-year provision.

Accordingly, the lower court improperly granted Sentry's motion for accelerated judgment based on the limitation of action provision. That order is vacated and the cause is remanded to the district court with directions to reinstate the summary judgment in favor of plaintiff.

Reversed.

Costs to be paid by Sentry Insurance.