ARMAND v TERRITORIAL CONSTRUCTION, INC

Docket No. 63499. Decided August 23, 1982. On application by the
defendant insurer for leave to appeal, the Supreme Court, in
lieu of granting leave to appeal, reversed the judgment of the
Court of Appeals and remanded the case to the trial court for
reinstatement of its judgment.

Territorial Construction, Inc., was the general contractor on a
development project. W. R. Armand was employed by Territo-
rial to perform dewatering services on the project. To protect
the owner of the project against mechanics' lien claims, Territo-
rial furnished a labor and materials payment bond on which
Sentry Mutual Insurance Company was the surety. The bond
provided that subcontractors could sue on the bond after they
had not been paid for 90 days, and also provided a one-year
period of limitation on suit. On November 5, 1974, Armand and
Territorial ceased work on the project. On November 18, 1975,
Armand brought an action against Territorial and Sentry,
alleging nonpayment by Territorial. Sentry moved for acceler-
ated judgment on the basis of the contractual period of limita-
tion. The Oakland Circuit Court, Robert L. Templin, J., granted
the motion. The Court of Appeals, Bashara, P.J., and V. J.
Brennan and R. M. Maher, JJ., reversed, holding that the
provision in the bond which prohibited suit until 90 days after
the date on which the last labor was performed or materials
were furnished tolled the limitation period (Docket No. 78-
1525). Sentry appeals.

In a unanimous opinion per curiam, the Supreme Court *held:*

The contractually shortened limitation period provided in the
bond was reasonable and enforceable. The time available to the
plaintiff was ample to allow him to protect his contractual
rights and bring an action. There was no intent in the limita-
tion provision to give subcontractors a full year in which to file
suit, but rather to limit Sentry's obligation to one year after
Territorial ceased work. Sentry's contract is with Territorial,
not Armand, and Sentry should be allowed to limit its liability
to a definite period of time with respect to Territorial's perfor-
mance. Armand is merely an incidental third-party beneficiary
of a bond contract written for the benefit of others.

The judgment of the Court of Appeals is reversed, and the

case is remanded to the trial court for reinstatement of the accelerated judgment.

90 Mich App 491; 282 NW2d 365 (1979) reversed.

*Carl D. MacPherson, III,* for plaintiff.

*Tolley, Fisher & Verwys* (by *Mark H. Verwys)* for defendant Sentry Mutual Insurance Company.

PER CURIAM. In *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co,* 410 Mich 118; 301 NW2d 275 (1981), we upheld the enforceability against a subcontractor of a contractual one-year period of limitation on suit in a labor and materials payment bond. In the instant case, we are asked to decide whether a provision in such a bond which prohibits a subcontractor from suing for 90 days after having last furnished labor or materials tolls the limitation period.

We hold that it does not.

I

In this case, Territorial Construction, Inc., was the general contractor on a development project in Independence Township, Oakland County, owned by John C. Helveston. To protect Helveston against mechanics' lien claims, Territorial obtained a labor and materials payment bond from Sentry Insurance. The bond named Territorial as principal and Sentry as surety, and contained the following pertinent provisions:

"2. The above-named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days

after the date on which the last of such claimant's work for labor was done or performed, or materials were furnished by such claimant, may sue on this bond for use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

"3. No suit or action shall be commenced hereunder by any claimant:

\* \* \*

"(b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."

W. R. Armand, doing business as Armand Drilling & Dewatering Co., was employed by Territorial to perform dewatering services on the project. On November 5, 1974, both Armand and Territorial ceased work. On November 18, 1975, Armand filed the instant suit, claiming nonpayment for its services and seeking recovery on the labor and materials payment bond.

Sentry's motion for accelerated judgment on the basis of the expiration of the contractual one-year limitation period was granted by the trial court. The Court of Appeals reversed, holding that the provision in the bond which prohibited the claimant from suing for a 90-day period after having last furnished labor or materials tolled the limitation period. 90 Mich App 491; 282 NW2d 365 (1979).

Sentry has applied to this Court for leave to appeal.

II

In reversing, the Court of Appeals relied on our decision in *The Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976). In that case, we construed facially similar provisions in an inland marine insurance policy. A limitation provision in the policy gave the insured 12 months in which to bring suit.[1] Other provisions gave the insured 90 days in which to file a proof of loss, and gave the insurer an indefinite period of time in which to accept the proof of loss and pay the claim.[2] We found that a conflict existed between the limitation provision and the proof-of-loss and payment-of-claims provisions because the limitation provision purportedly was intended to give the insured a full 12 months in which to bring suit and the proof-of-loss and payment-of-claims provisions had the effect of substantially shortening that period. To resolve this incongruity, we adopted the reconciliation approach of *Peloso v Hartford Fire Ins Co,* 56 NJ 514; 267 A2d 498 (1970), and held that the limitation period should be tolled "from the time the insured gives notice until the insurer formally denies liability". 396 Mich 597.

---

[1] "[N]o action 'shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim * * *.' " 396 Mich 591-592.

[2] " '3. Notice of Loss: The Insured shall as soon as practicable report in writing to the Company or its agent every loss, damage or occurrence which may give rise to a claim under this policy and shall also file with the Company or its agent within ninety (90) days from date of discovery of such loss, damage or occurrence, a detailed sworn proof of loss.

*    *    *

" '16. Settlement of Loss: All adjusted claims shall be paid or made good to the Insured within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company.' " 396 Mich 596, fn 8.

More recently, in *In re Certified Question, Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22; 319 NW2d 320 (1982), we applied the *Thomas-Peloso* reconciliation analysis to substantially identical provisions in the statutory fire insurance policy.[3] Although statutory rather than contractual, we concluded that the intent of the limitation provision was the same: to give the insured a full 12 months in which to institute suit. Accordingly, we held that the same tolling occurred from the time the insured gives notice until the insurer finally denies liability.

The Court of Appeals in this case found the provisions in the bond to be analogous to those in *Thomas* and concluded that they should be similarly construed.

We hold, however, that this is not another conflicting provisions case and that the applicable analysis is found in our decision in *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co,* supra. In *Camelot,* we upheld a one-year period of limitation on suit in a labor and materials bond as applied to a subcontractor. We held that because the subcontractor was only an incidental third-party beneficiary to the private bond contract, the limitation period should be held valid and enforce-

---

[3] " 'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss'.

\*   \*   \*

" '[W]ithin sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss'.

\*   \*   \*

" 'The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company'." 413 Mich 34-35.

able as to the subcontractor so long as it provided a reasonable amount of time in which the subcontractor could have protected its contractual rights. Despite the subcontractor's claim in that case that it was unaware of the bond contract until after the limitation period had expired, we held that the one-year period was a reasonable amount of time in which the subcontractor could have discovered and protected its rights under the bond.

Although this case might at first glance appear to be another conflicting provisions case like *Thomas* and *Lumbermens,* it is not. In both of those cases, we found that the limitation provision was intended to give the insured a full year in which to file suit. We found this intent in *Thomas* because the case involved a two-party insurance contract written by the insurer purportedly for the benefit of the insured. In *Lumbermens,* we found a similar intent in a statutory policy because the principal purpose of the Insurance Code is to protect policyholders. 413 Mich 38. The conflict in both cases arose because the proof-of-loss and payment-of-claims provisions had the effect of substantially shortening the period available to the insured in which to file suit. In the instant case, we discern no intent in the limitation provision of the bond to give the subcontractor a full year in which to file suit. Unlike the insured in *Thomas* and *Lumbermens,* the subcontractor is merely an incidental third-party beneficiary of a bond contract written for the benefit of others. The bond is written primarily to protect the owner of the project from mechanics' lien claims. The subcontractor is included as a beneficiary merely as a means of better protecting the owner. The intent of the limitation period is not to give the claimant

12 months in which to bring suit, but, rather, to limit the surety's obligation to one year after the principal ceases work. Because the surety's contract is with the general contractor and not the subcontractor, it should be allowed to limit its liability to a definite period of time relating to the general contractor's performance on the construction contract.

Furthermore, the provision in the instant case that prohibits the subcontractor from filing suit for 90 days is presumably intended to give the principal and owner time in which to pay the claim. It is not a period over which the surety has any control and involves no contact between the claimant and the surety. Thus, it is not like the proof-of-loss and payment-of-claim periods in *Thomas* and *Lumbermens* " 'during which an insured's right to bring suit is postponed * * * for the benefit of the company so that it can pursue its statutory and contractual rights' " and thus " 'ought not to be charged against the insured's time to bring suit' ". *Lumbermens,* 413 Mich 35. Because there is no conflict or incongruity in the provisions of the bond, the reconciliation approach is inapposite.

When reduced to its essence, this case presents the same question we addressed in *Camelot:* whether the contractually shortened limitation period in this case is valid and enforceable. Resolution of that question turns on whether the total amount of time available to the subcontractor was a reasonable amount of time in which to protect the subcontractor's contractual third-party rights. The period of time available to Armand in this case was nine months. This was ample time during which it could have filed suit and protected its contractual rights. Accordingly, we hold that the

contractually shortened limitation period in this case was reasonable and enforceable.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and remand the case to the trial court for reinstatement of the accelerated judgment in Sentry's favor.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.