DAVIS v. KRAMER BROS. FREIGHT LINES, INC.

1. Accord and Satisfaction—Elements.
  The operation of the principle of accord and satisfaction would not be present unless some dispute did exist.

2. Same—Acceptance of Checks—Motor Carrier Leases.
  Acceptance and cashing of biweekly checks during a period of over 3 years effected an accord and satisfaction between plaintiff owner-operators or brokers and defendant freight line company as lessee of motor carrier equipment, where plaintiffs had expressed dissatisfaction with amounts of the checks but accepted them without declared reservation of right to insist more was coming.

---

References for Points in Headnotes
[1] 1 Am Jur 2d, Accord and Satisfaction § 4.
[2] 1 Am Jur 2d, Accord and Satisfaction §§ 15, 16.
[3] 1 Am Jur 2d, Accounts and Accounting § 34.
[4] 41 Am Jur, Pleading § 342.

3. ACCOUNTING—FRAUD—OMISSION—SETTLEMENT.

A settled account is conclusive between the parties unless some fraud, mistake, omission, or inaccuracy is shown but if the party seeking relief was aware of the facts at the time of settlement of the account, then the subsequently sought relief will be refused.

4. JUDGMENT—SUMMARY JUDGMENT—EXISTENCE OF FACT ISSUE—MOTOR CARRIER—LEASES—PAYMENTS.

Motion for summary judgment was properly granted, where record supported trial court's findings that payments had been made by defendant motor carrier and received by plaintiff owner-operators pursuant to motor carrier vehicle leases in such a way as to result in an account stated and also an accord and satisfaction as to subsequent acceptance by plaintiffs of payments and acquiescence in disputed deductions, and although trial court resorted to the taking of testimony no material issues of fact developed (Court Rule No 32 [1945]).

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 7, 1964. (Calendar No. 9, Docket No. 49,921.) Decided October 5, 1964.

Assumpsit and case by Jack Davis, in his own behalf and as assignee of 5 others, against Kramer Bros. Freight Lines, Inc., a Michigan corporation, for sums due on oral contracts and leases of operating equipment. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*J. Connor Austin, Harold A. Larson,* and *George W. Trendle, Jr.,* for plaintiff.

*Devine, Kent & Devine (Edward D. Devine, Jr.,* and *Robert C. Murphy,* of counsel), for defendant.

O'HARA, J. This is the sequel to *Davis* v. *Kramer Bros. Freight Lines, Inc.,* 361 Mich 371. For further factual background, reference may be had thereto. The claim of plaintiffs is for alleged unauthorized deductions from a revenue-sharing arrangement be-

tween defendant and "owner-operators" or "brokers" as those terms are used in the motor carrier industry. The period of time and the items involved are limited by the pleadings. The time is from January 1, 1953 to March 26, 1956. The items are (1) unreimbursed highway toll charges paid by plaintiffs; (2) the same type of toll charges paid by defendant and allegedly unlawfully charged to plaintiffs; (3) hotel accommodations wrongfully required to be paid by defendant; (4) welfare and pension deduction improperly deducted; (5) pickup and delivery charges "arbitrarily deducted" by defendant; (6) unauthorized deductions for connecting line charges; (7) vacation pay; (8) alleged unreflected rate (tariff) changes; (9) layover time; and (10) Canadian permits as to plaintiff Crnek only.

The original contract was oral. Subsequent refinements and clarifications were made by "lease agreements." Motor carrier vehicle leases are to a degree subject to part 2 of the interstate commerce act* but those regulations are not here involved.

The record is at times unclear because of obvious semantic differences between witnesses, the trial court and counsel. "Permit" is used synonymously with certificate of convenience and necessity (a permanent grant of authority issued by the interstate commerce commission). Later in the record the same term is erroneously used as a supposed grant of right to, or approval of, a motor vehicle lease agreement.

The trial court, after examining certain of the pretrial depositions taken after remand, decided there was a variance between the allegations in the declaration and the deposed (discovery) matters and ordered the taking of testimony from both plaintiffs and defendant.

---

*49 USC (1958 ed), § 301 et seq.—REPORTER.

Thereafter the court granted defendant's motion for summary judgment.* Plaintiffs appeal urging in substance that the trial court erred in considering certain of the deposed material in deciding the motion and that factual issues were joined by the pleadings which entitled them to jury determination thereof.

We think appellants may have misconceived the issue: That disputed issues of fact arose by reason of certain claims of plaintiffs is undoubtedly true. The question, however, is whether those fact issues were material to the controlling legal principle and to the ground upon which summary judgment was granted.

It is the position of the defendant, as expressed in the affidavit in support of the motion for summary judgment:

(1) That the deductions made and the charges assumed by plaintiffs were all in conformity with the written agreements (leases) between the parties;

(2) that the acceptance of payments, with all deductions and charges appearing on the checks by which payment was made throughout the 3-year period involved, brought about an account stated between the parties and

(3) that if in fact plaintiffs did dispute the right of defendant to make the deductions and their own obligation to assume the charges, that since the deductions and charges were accurately set forth on each check issued to plaintiffs every 2 weeks, the acceptance and cashing of the checks resulted in accord and satisfaction between the parties.

As to contention (1) of defendant, plaintiffs claim that pickup and delivery charges were not made by defendant in accordance with its published tariff and that amounts greater than the tariff charges

---

* See Court Rule No 30 (1945).—Reporter.

were made; that toll charges for the company-owned trailers were improperly charged to them; that there were many oral agreements between them that modified the lease, and finally that the lease itself was ambiguous and lent itself to construction which implicitly contained issues of fact.

Granting all the foregoing to be true, these fact issues were not material to the question of whether an account stated arose and accord and satisfaction between the parties was reached. Indeed, the very basis for the operation of the principle of accord and satisfaction would not be present unless some dispute did exist.

We are here concerned with whether despite the dispute over the terms of the lease agreement and the correctness of the deduction and charges, the actions of the parties established legal accord and satisfaction. We can find no factual issue which a jury could have considered on this precise point. Each plaintiff testified to dissatisfaction with the share of the revenue received. Each testified to some manner of complaint to defendant-company. However, no plaintiff by deposed testimony or oral testimony taken pursuant to the trial judge's order testified to the fact that defendant company changed, or agreed to change, the method of making charges and deductions. The defendant lessee's position as harshly stated by a corporate officer (Ted Kramer) was: "If you don't like it here, go some place else."

Whether, in fact, this lease agreement was fair or equitable is not to the purpose here. The defendant adopted a uniform course of conduct for the whole 3-year period involved and did not deviate from it. For this 3-year period plaintiffs accepted and cashed biweekly checks which contained all the deductions and charges made pursuant to that adopted policy. Three years after the last check was issued, this

suit was started. Under these circumstances we cannot but say that each check, with the deductions and charges shown, constituted an account stated for each biweekly pay period. Plaintiffs accepted and cashed each check and accord and satisfaction thus resulted.

Motions for summary judgment may not be granted where material fact issues exist. Had the issue before the trial judge been *what* construction to place upon the contract (lease), a different result might well have been reached. The parties, despite intermittently expressed dissatisfaction by plaintiffs, arrived at an adopted construction of the lease when defendant rejected any requested modification and plaintiffs accepted payment. This uncontroverted fact brings the case within the rule in *Mc-Dannel* v. *Black,* 270 Mich 305, at pp 311, 312:

"A settled account is conclusive between the parties unless some fraud, mistake, omission or inaccuracy is shown; * * * and if the party seeking relief was aware of the facts at the time of the settlement of the account, then the subsequently sought relief will be refused."

When the defendant obdurately and consistently refused to recognize any other interpretation of the lease than that reflected in the deductions and charges made and noted on the biweekly checks, plaintiffs could not continue to accept the checks in apparent satisfaction and 3 years later claim another interpretation should have been possible.

The conclusive ground for the granting of summary judgment is to be found in the trial court's opinion:

"Plaintiffs go on to admit that they regularly accepted payments through the entire course of their relationship with defendant company."

With this we are constrained to agree. We must agree also with his further conclusion that the acceptance was "all in accordance with the terms of the written leases as construed by both the plaintiffs and defendant," because of the acquiescence of the plaintiffs in the defendant's interpretation. This acquiescence took place despite plaintiffs' expressed discontent. They may not be heard 3 years later to complain that their acceptance was not acceptance in fact. In commercial transactions some finality must be possible (absent fraud or concealment not here pleaded) when payment is regularly accepted, without due and declared reservation of right to insist that more is coming.

For the reasons herein set forth, the order granting the motion for summary judgment is affirmed. Costs to the appellee.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and ADAMS, JJ., concurred with O'HARA, J.

BLACK, J. (*concurring*). I concur with Justice O'HARA's analysis of this motion for summary judgment, and with his determination that the plaintiff's long continued acceptance of checks prepared and delivered as to amount in accord with defendant's (right or wrong) interpretation of the oral and written undertakings of the parties, amounted in law to an accord and satisfaction upon which summary judgment for defendant was authorized. I have signed accordingly Justice O'HARA's opinion.

The aimed purpose of this special concurrence is that of stress, so that no one may be misled, of the fact that this defendant's motion was determined below partly upon affidavits, partly upon depositions taken, and partly upon crucial admissions of the

deposing plaintiff, and that such determination was made in a suit arising from contractual undertakings rather than out of an alleged tort or torts. The latter distinction is an important one, as forthcoming opinions upon questions of summary judgment practice, arising in tort cases, will fully disclose.

KAVANAGH, C. J., concurred with BLACK, J.