SMITH v METROPOLITAN LIFE INSURANCE COMPANY

Docket No. 51474. Submitted December 12, 1980, at Lansing.—Decided March 12, 1981.

Jerry C. Smith brought an action against the Metropolitan Life Insurance Company and General Motors Corporation for breach of a collective bargaining agreement relative to his claim for disability insurance benefits based on total disability. Defendants moved for summary judgment on the grounds that plaintiff had failed to exhaust grievance procedures and that the claim was barred by the statute of limitations. Following an amendment of plaintiff's complaint, General Motors separately moved for summary judgment on the ground that the trial court lacked jurisdiction. Bay Circuit Court granted defendants' motions, Eugene C. Penzien, J. Plaintiff appeals. *Held:*

1. The trial court should have disposed of plaintiff's action by way of accelerated judgment rather than by summary judgment, but the error did not result in prejudice to plaintiff and does not constitute grounds for reversal.

2. The court properly determined that under the agreement an attempt by plaintiff to exhaust contractual remedies would not have been futile and that plaintiff's conclusory allegations would not support a finding of tortious conduct. And while plaintiff is correct in asserting that there are genuine issues of fact to be resolved, they were not properly before the trial court because of his failure to pursue the contractual remedies.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1930.
[2, 4] 48A Am Jur 2d, Labor and Labor Relations §§ 1932, 1934.
What circumstances justify employee's failure to exhaust remedies provided in collective bargaining agreement before bringing grievance suit against employer in federal court, under § 301 of the Labor Management Relations Act of 1947 (29 USCS § 185). 52 ALR Fed 591.
Exhaustion of grievance procedures of remedies provided in collective bargaining agreement as condition of employee's resort to civil courts for assertedly wrongful discharge. 72 ALR2d 1439.
[3] 74 Am Jur 2d, Torts §§ 23-25.

1. LABOR RELATIONS — LABOR MANAGEMENT RELATIONS ACT — STATUTES.

An action for breach of a collective bargaining agreement which arises under the Labor Management Relations Act is controlled by Federal law even though it has been brought in a state court (29 USC 185).

2. LABOR RELATIONS — ACTIONS AGAINST EMPLOYERS — COLLECTIVE BARGAINING AGREEMENTS — GRIEVANCE PROCEDURES.

An employee may not maintain an action against his employer for breach of a collective bargaining agreement where he has not exhausted contractual grievance procedures except where pursuing such remedies would be futile.

3. PLEADING — CONCLUSORY ALLEGATIONS — BREACH OF CONTRACT — TORT.

Conclusory allegations in a complaint which, if proven, would show a bad-faith breach of contract will not support a finding of tortious conduct.

4. LABOR RELATIONS — COLLECTIVE BARGAINING AGREEMENTS — ACTIONS AGAINST EMPLOYERS — COURTS — JURISDICTION.

Genuine issues of fact to be resolved regarding a claim of breach of a collective bargaining agreement by an employer are not properly heard by a court where a plaintiff has never sought redress of his grievance in accordance with contractual provisions.

*Baker & Selby,* for plaintiff.

*Rubenstein, Pruchnicki & Chittle,* for defendant Metropolitan Life Insurance Company.

*David M. Davis,* for defendant General Motors Corporation.

Before: BRONSON, P.J., and J. H. GILLIS and C. L. BOSMAN,* JJ.

PER CURIAM. On July 18, 1978, plaintiff instituted suit against Metropolitan Life Insurance Company (Metropolitan) and General Motors Cor-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

poration (GM). Plaintiff alleged that he was employed by GM until December, 1975, at which time he became totally disabled and unable to perform his job. By his suit, plaintiff sought benefits under a contract of insurance underwritten by Metropolitan providing benefits to employees of GM upon total disability. Defendants denied plaintiff benefits, stating that he voluntarily quit his job. In their answer, defendants alleged that a medical report dated November 14, 1975, signed by plaintiff's treating doctor, indicated that he would be able to return to work on November 24, 1975.

On October 11, 1979, defendants jointly moved for summary judgment. While failing to state under which subsection of the summary judgment rule they were seeking relief, the underlying ground for the motion was that plaintiff had failed to exhaust the grievance procedure written into the union contract and that the claim was barred by the statute of limitations.

Plaintiff filed an amended complaint in which he averred that his doctor advised him to inform his employer that he could no longer work because of mental illness. According to this amended complaint, plaintiff was unaware of his rights under the contract because of his mental illness. He further alleged that he could no longer obtain relief by filing a grievance because the period of time within which a claim had to be filed had expired. Both defendants denied these allegations and stood by their motions for summary judgment. On April 17, 1980, GM filed a separate motion for summary judgment on the basis that the court lacked jurisdiction over the dispute.

On April 21, 1980, a hearing on the motions for summary judgment was held in the Bay County Circuit Court. The trial judge granted the motions

holding: (1) that plaintiff had to try to resolve the dispute within the grievance procedures under the contract and (2) that plaintiff's second count, alleged in tort, was really a reallegation of the claim that he was denied benefits under the contract. The trial judge also held that plaintiff was not precluded from filing a grievance because if his mental condition was responsible for the delay in instituting the procedure it would not be barred.

The trial judge apparently relied on both GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted, and GCR 1963, 117.2(3), no genuine issue as to any material fact, in granting the motions. From the trial court's order of summary judgment, plaintiff appeals as of right.

Plaintiff's suit is for a breach of the UAW-GM collective bargaining agreement and arises under § 301 of the Labor Management Relations Act. 29 USC 185. As such, the action is controlled by Federal law even though brought in the state courts. *Humphrey v Moore,* 375 US 335, 343-344; 84 S Ct 363; 11 L Ed 2d 370 (1964), *Breish v Ring Screw Works,* 397 Mich 586, 593-598; 248 NW2d 526 (1976). The general rule is that an individual employee must first attempt to exhaust contractual grievance procedures before seeking judicial enforcement of rights arising under the contract. *Vaca v Sipes,* 386 US 171, 184; 87 S Ct 903; 17 L Ed 2d 842 (1966), *Pompey v General Motors Corp,* 385 Mich 537, 560; 189 NW2d 243 (1971), *Ceplin v Bastian-Blessing Division of Golconda Corp,* 90 Mich App 527, 529; 282 NW2d 380 (1979).

Plaintiff contends that the motions for summary judgment were improperly granted, arguing that: (1) any attempt to bring a grievance procedure would be futile because the contract required it to be brought within five days of termination of the

employment, (2) the second count of the complaint sounds in tort and is not subject to the contractual grievance procedure, and (3) genuine issues of material fact exist. These claims will be discussed *seriatim.*

Where an employee's efforts to proceed with contractual remedies would be futile, the exhaustion requirement is inapplicable. *Glover v St Louis-S F R Co,* 393 US 324, 330; 89 S Ct 548; 21 L Ed 2d 519 (1969). However, as the trial court construed the UAW-GM contract, and we agree with this construction, plaintiff was not obligated to begin the grievance within any specific time period but, rather, had to start the process "without undue delay". We agree with the trial judge that if plaintiff was mentally ill and unaware of his rights at the time he quit filing a grievance now would not be foreclosed.

We also agree with the trial court that Count II of plaintiff's complaint, charging defendants with "wilfully and intentionally" depriving him of his rights under the contract or negligently failing to maintain records so that certain contractual rights were lost, is a mere reallegation of the Count I contract claim. In *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 422; 295 NW2d 50 (1980), the Supreme Court held that conclusory allegations in a complaint which, if proven, would show a bad-faith breach of contract do not support a finding of tortious conduct. None of the conclusory allegations of plaintiff's amended complaint, Count II, support anything except a breach of contract claim.

Plaintiff is correct that there are genuine issues of fact to be resolved. The real question in this case, however, is whether these issues of fact are properly heard by the circuit court at this time.

See *Davis v Kramer Bros Freight Lines, Inc,* 373 Mich 594, 597; 130 NW2d 419 (1964). The answer to this question is no because plaintiff has never sought redress of his grievance in accordance with the contract.

The trial court was correct in summarily disposing of this case. However, this summary disposition should have been by way of accelerated judgment pursuant to GCR 1963, 116.1(5). *Pompey, supra,* 563, *Ceplin, supra,* 530. However, the error of the trial court is not grounds for reversal. Plaintiff was not prejudiced by the summary dismissal pursuant to the wrong court rule as he was not misled concerning the underlying basis for defendants' motion. See *Gilbert v Grand Trunk W R Co,* 95 Mich App 308, 315; 290 NW2d 426 (1980), and cases cited therein.

Affirmed.