RHODES v AETNA LIFE INSURANCE COMPANY

Docket No. 71537. Submitted April 9, 1984, at Detroit.—Decided June
    28, 1984. Leave to appeal applied for.

Plaintiff, Valda Rhodes, brought an action in the Macomb Circuit
    Court against her employer's group disability insurer, Aetna
    Life Insurance Company, seeking the payment of group disabil-
    ity insurance benefits. The trial court, Robert J. Chrzanowski,
    J., thereafter denied the plaintiff's motion for summary judg-
    ment and granted defendant's motion for accelerated judgment
    based upon the plaintiff's failure to exhaust remedies provided
    under a collective-bargaining agreement between her employer
    and her union prior to instituting judicial action to recover
    group benefits. Plaintiff appeals. *Held:*

    1. The trial court did not err in concluding that plaintiff was
    required to exhaust her contractual remedies prior to institut-
    ing her circuit court action. The disability insurance in this
    action constitutes part of an employee benefit plan subject to
    the Employee Retirement Income Security Act of 1974. Em-
    ployees seeking benefits covered by this federal act must first
    exhaust internal collective-bargaining remedies before going to
    court, unless the remedy would be futile or the employee is
    denied access to the internal procedure.

    2. Defendant's failure to provide information · adequate to
    support the trial court's grant of the accelerated judgment
    requires a remand for further proceedings consistent with the
    opinion.

    Reversed and remanded.

LABOR RELATIONS — ACTIONS — EMPLOYEE RETIREMENT INCOME SECU-
    RITY ACT OF 1974 — EXHAUSTION OF CONTRACTUAL REMEDIES —
    INSURANCE.

    A plaintiff seeking benefits covered by the Employee Retirement
    Income Security Act of 1974 must first exhaust internal collec-

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d New Topic Service, Pension Reform Act §§ 516, 517.
Exhaustion of administrative remedies as prerequisite to suit under
    Employee Retirement Income Security Act of 1974 (29 USCS
    §§ 1001 *et seq.*). 54 ALR Fed 364.

tive-bargaining remedies prior to instituting judicial action to recover such benefits; failure to do so is excused only where the plaintiff establishes that the remedy would be futile or that the plaintiff was denied access to the internal procedure (29 USC 1001 *et seq.).*

*Posner, Posner & Posner* (by *Samuel Posner* and *Gerald F. Posner),* for plaintiff.

*Dickinson, Wright, Moon, VanDusen & Freeman* (by *Susan Bieke Neilson, Robert P. Young, Jr.,* and *Arthur S. Meyers, Jr.),* for defendant.

Before: Hood, P.J., and M. J. Kelly and R. C. Livo,* JJ.

M. J. Kelly, J. Plaintiff filed this action in circuit court for the payment of group disability insurance benefits. Defendant responded with a motion for summary judgment, which the trial court treated as a motion for accelerated judgment under GCR 1963, 116.1(5), seeking dismissal of plaintiff's complaint for failure to exhaust her contractual remedies. The trial court granted accelerated judgment and denied plaintiff's motion for summary judgment brought under GCR 1963, 117.2(3). Plaintiff appeals from both orders and we remand for further proceedings consistent with this opinion.

The following facts are not in dispute. Plaintiff has been employed by Chrysler Corporation as an inspector at the Warren Truck Plant since 1953. As a member of the United Auto Workers Union (UAW) she is entitled to group disability benefits under an insurance plan collectively bargained for between the UAW and Chrysler. Employee disability benefits are provided by Chrysler through a policy underwritten by the defendant.

* Circuit judge, sitting on the Court of Appeals by assignment.

On October 6, 1978, plaintiff sustained serious back injuries when she was involved in an autombobile accident. Through her group policy with the defendant, plaintiff applied for and received sickness and accident benefits as well as extended disability benefits until August 22, 1979. In March of 1979, plaintiff was examined by two different doctors pursuant to an "independent medical opinion" (IMO) format developed as part of the labor negotiations between Chrysler and the UAW. The first doctor, an internist, found that plaintiff was able to return to work. The second doctor, an orthopedist, found that plaintiff was able to return to work only under restricted conditions and recommended that she not be required to lift more than ten pounds or engage in repeated bending. Chrysler agreed to consider plaintiff for restricted work only and defendant continued to pay plaintiff disability benefits.

According to plaintiff, she would have enthusiastically accepted restricted employment had it been offered to her but Chrysler never informed her that such work was available. According to the defendant, information was received from Chrysler revealing that plaintiff had been offered and had rejected employment consistent with her restrictions. In any event, defendant terminated plaintiff's benefits on August 22, 1979.

Pursuant to letter agreements entered into between Chrysler and the UAW in 1976 and 1979, supplementing the master collective-bargaining agreement, an employee's right to disability benefits became subject to two procedures. The IMO plan was implemented in 1976 and requires an employee to submit to physical examination by an independent physician in order to determine whether that employee is able to return to work.

The 1979 supplemental letter agreement between Chrysler and the UAW created a procedure for review of denied or terminated benefits. Where an employee disputes the denial or termination of benefits, he or she may seek review of that decision as follows:

"To afford employees a means by which they can seek review and possible reconsideration of a denied claim, internal procedures of Chrysler Corporation and the Aetna Life Insurance Company will provide a procedure along the following lines:

"(1) The formal notification letter from the plant group insurance representative by which the employee is advised that his claim is denied will inform the employee that if he has any questions regarding the denial they may be referred to the plant group insurance office.

"(2) Upon request, the plant group insurance office will advise what if anything the employee can do to support his claim for payment benefits.

"(3) The employee may request a Union representative to discuss insurance matters with local management to obtain this information.

"(4) Upon request, a representative of local management will review the employee's case with the Union representative. At this meeting, there will be furnished to the Union representative all the material pertinent to the claim including any detailed explanation of the reasons for the denial of the claim.

"(5) If, after discussion with the representative of local management, the Local Union representative contests the position of management, he can refer the case to the International Union for review with the Corporation in Detroit. At such time he should advise local management of his intention.

"(6) The Corporation and the International Union will review the case, as at present, and if they are unable to resolve their differences the Corporation at the request of the Union will request a review by Aetna and will incorporate in such request the Union's posi-

tion. Such review will be conducted by a committee of three employees of Aetna, at least one of whom shall be an officer of Aetna.

"(7) Aetna will report to the International Union and to the Corporation its action as the result of such review."

Defendant alleges that plaintiff never utilized these procedures and never sought internal review of the defendant's decision to terminate her benefits and is thus precluded from instituting judicial proceedings to obtain benefits.

Plaintiff responds that because her cause of action is under the insurance contract and not under the collective-bargaining agreement, and because the insurance contract does not provide for or require any petition for internal review prior to instituting civil proceedings, she need not exhaust any remedies provided under the collective-bargaining agreement before filing a judicial action to recover benefits. We disagree.

Plaintiff is not a primary party to the insurance contract under which she seeks benefits. She did not individually purchase an insurance policy from the defendant. The sole parties to the contract are the insurer, defendant, and the policyholder, Chrysler. Any rights that plaintiff may have to collect benefits under the insurance contract are created solely by virtue of her membership in the UAW and by virtue of the collective-bargaining agreement entered into between the UAW and Chrysler. *Harris v Metropolitan Life Ins Co,* 542 F Supp 1 (Ed Mich, 1980), *aff'd* 672 F2d 917 (CA 6, 1981). We conclude that the disability insurance in this case constitutes part of an employee benefit plan subject to the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC 1001 *et seq.* Plaintiff's disability benefits are funded through an

insurance contract sponsored and maintained by Chrysler, an employer engaged in commerce. 29 USC 1002(1) and 1003(a). The question presented here is thus a matter of federal law, 29 USC 1144(a) and (c); *Alessi v Raybestos-Manhattan, Inc,* 451 US 504; 101 S Ct 1895; 68 L Ed 2d 402 (1981), and conflicting principles of Michigan insurance law are therefore preempted.

The question with which we are presented in the instant case is a narrow one. Plaintiff does not challenge the implementation of the IMO plan. Nor does she challenge the diagnosis of her ability to work on a restricted basis. Whether plaintiff did in fact refuse an offer of restricted employment is not before us nor was it before the trial court by way of summary or accelerated judgment since that question is one of fact and may properly be decided only after a full evidentiary hearing or trial. Our only concern on appeal is whether an employee must exhaust remedies provided under a collective-bargaining agreement prior to instituting judicial action to recover group benefits.

Federal courts considering this issue have uniformly held that a plaintiff seeking benefits covered by ERISA must first exhaust his or her internal collective-bargaining remedies before going to court. Failure to do so is excused only where plaintiff establishes that the remedy would be futile or that he or she was denied access to the internal procedure. *Haeberle v Bd of Trustees of Buffalo Carpenters Health-Care, Dental, Pension & Supplemental Funds,* 624 F2d 1132 (CA 2, 1980); *Amato v Bernard,* 618 F2d 559 (CA 9, 1980); *Lucas v Warner & Swasey Co,* 475 F Supp 1071 (ED Pa, 1979); *Taylor v Bakery &, Confectionary Union & Industry International Welfare Fund,* 455 F Supp 816 (ED NC, 1978). Thus, the trial court in this

case did not err in concluding that plaintiff was required to exhaust her contractual remedies prior to instituting her circuit court action.

However, defendant's failure to provide information adequate to support the trial court's grant of accelerated judgment requires us to remand this case for further proceedings. On remand, defendant must, at a minimum, establish (1) that the review procedures set forth in the undated letter of agreement between Chrysler and the UAW were in place at the time that plaintiff's benefits were terminated, and (2) that defendant complied with the review procedures by sending plaintiff the formal notification letter from the plant group insurance representative informing her that she was to refer any questions to the plant group office. The trial court should further determine whether plaintiff's letter of November 14, 1975, complied with her responsibilities under step two of the review procedures, thus triggering further action on the part of the plant group insurance office. While it is true that plaintiff did not plead an exception to the exhaustion remedy, plaintiff's attorney did attempt to raise the issue at the hearing on the motions and should be permitted to develop this argument on remand. If the trial court concludes on remand that plaintiff took proper steps to exhaust her contractual remedies prior to instituting suit or that her failure to exhaust her contractual remedies is excused by defendant's failure to follow same, then the trial court may either resolve plaintiff's claim for disability benefits or direct the parties to resolve plaintiff's claim under the review procedures provided.

Reversed and remanded.