Larry **ROBERSON**, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY**, Defendant.

Civ. No. 87 73469.

United States District Court,
E.D. Michigan, S.D.

April 8, 1988.

Frederick B. Benjamin, Southfield, Mich., for plaintiff.

Katherine Wheeler King, Dickinson, Wright, Moon Van Dusen & Freeman, Detroit, Mich., for defendant.

ANNA DIGGS TAYLOR, District Judge.

## MEMORANDUM OPINION AND ORDER

This is an action for sickness and accident benefits allegedly due and owing to Plaintiff. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. A hearing on Defendant's motion to dismiss or for summary judgment was held on January 11, 1988. This memorandum sets forth the findings of fact and conclusions of law upon which the Court bases its grant of summary judgment for the Defendant.

### STATEMENT OF FACTS

Undisputedly, Defendant issued to General Motors ("GM") a Group Insurance Plan for Hourly Workers ("GM Plan") which had been collectively bargained between GM and the United Auto Workers ("UAW"), labor union which represented Plaintiff herein. The Plan provided sickness and accident ("S & A") benefits for members of the bargaining unit. To qualify for S & A benefits, a covered employee was required by the terms of the Plan to provide proof of claim to Defendant within 90 days after termination of the period for which S & A benefits were payable under the insurance policy. S & A benefits were payable for a maximum of 52 weeks after the claim arose. Benefits automatically were to terminate upon termination of employment, unless the employee was totally disabled when employment ended and timely filed a proof of total disability. Any action at law to recover S & A benefits was required, by the Plan, to be filed within 3 years of expiration of the time period for filing a proof of claim.

It is undisputed that Plaintiff had been employed by GM since 1972 and was covered under the above-described GM group policy with Defendant at the time of the events in question.

On January 26, 1982, Plaintiff was involved in an altercation with his supervisor in which he claims to have been injured. Pursuant to the terms of the collective bargaining agreement, Plaintiff sought treatment from the plant medical physician on January 28, 1982, and that physician found that he was able to return to work. Plaintiff thereafter obtained two independent medical examinations on February 1st and 4th. Neither doctor certified that Plaintiff was totally disabled.

In the meanwhile, on January 27, 1982, Plaintiff was discharged from his employment. Because Plaintiff filed a grievance, his coverage under the GM Plan was continued until January 31st. On the date of his discharge, Plaintiff provided notice of claim for S & A benefits by filing a claim form with the GM New Department Hyatt–Detroit Plant. The claim indicated that Plaintiff was involved in a fracas with a supervisor and had sustained a swollen ankle.

Defendant denied Plaintiff's claim for S & A benefits for the last time on April 13, 1987.

On August 7, 1987, Plaintiff filed suit in Wayne County Circuit Court alleging that Defendant's denial of S & A benefits constituted a breach of contract and "violation of contract of mental concern and solitude." Defendant timely removed the case to federal court.

### CONCLUSIONS OF LAW

*Statute of Limitations*

The 1979 GM–UAW Supplemental Agreement covering employee insurance programs includes a collectively bargained procedure governing claims for S & A benefits. The Agreement provides that:

(h) Notice and Proof of Claim.

(1) Written notice of injury or sickness must be given to the insurance company within 20 days after the date of the accident causing such injury or the commencement of disability resulting from such sickness. Proof of such injury or sickness must be furnished to the insurance company within 90 days after the

termination of the period for which weekly benefits are payable under the plan.

\* \* \* \* \* \*

(3) No legal action shall be brought by an employee to recover from the insurance company prior to the expiration of 60 days after proof of claim has been filed in accordance with the requirements of the Plan, nor shall such action be brought at all unless brought within three years from the expiration of the time within which proof of claim is required by the Plan.

The GM Plan Certificate issued by Defendant also sets forth a 3–year statute of limitations applicable to S & A claims, as well as prerequisite conditions for filing such claims, using virtually identical language as contained in the collective bargaining agreement:

(B) Notice and Proof of Claims

(3) No action at law or equity shall be brought to recover on the Group Policy prior to the expiration of 60 days after proof of claim has been filed in accordance with the requirements set forth in Item 1 of this Section B, nor shall such action be brought at all unless brought within 3 years from the expiration of the time within which proof of claim is required.

A contract for insurance may contain a shorter statute of limitations than the general 6–year contract limitations period provided in M.C.L.A. § 600.5807(8), particularly when the contract is drafted in accordance with the Michigan Insurance Code, M.C.L.A. 500.3400 *et seq. See Gipson v. Life Ins. Co. of North America,* 529 F.Supp. 224 (E.D.Mich.1981); *Tom Thomas Organization, Inc. v. Reliance Ins. Co.,* 396 Mich. 588, 592, 242 N.W.2d 396 (1976). Lawsuits claiming entitlement to S & A benefits have been barred when brought after expiration of a policy limitations period shorter than the 6–year statute for contract claims. *Bashans v. Metro Mutual Ins. Co.,* 369 Mich. 141, 119 N.W.2d 622 (1963); *Harris v. Phoenix Accident & Sick Benefit Ass'n,* 149 Mich. 285, 112 N.W. 935 (1907). Previously, this Court has upheld a 3–year statute of limitations provision contained in a disability insurance contract where the limitations language was virtually identical to the language in the GM Plan presently at issue. *Gipson v. Life Ins. Co. of North America, supra.*

In the case at bar, Plaintiff's claims are barred by the 3–year statute of limitations contained in both the GM Plan and the collective bargaining agreement. Plaintiff was required to file proof of his claim for S & A benefits within 90 days after January 26, 1983, the maximum 1 year period for which S & A benefits are payable under the policy. Any lawsuit claiming entitlement to benefits, therefore, must have been filed within 3 years thereafter, or by April 26, 1986. Since this action was commenced in August of 1987, outside of the limitations period, Plaintiff's claims for S & A benefits must be dismissed in their entirety.

Plaintiff has cited *Lewis v. D.A.I. E.E.,* 426 Mich. 93, 393 N.W.2d 167 (1986) for the proposition that the statute of limitations is "tolled" from the date a claimant makes a claim for benefits until the date defendant denies liability, so long as the claimant pursues his claim with reasonable diligence. That case is clearly distinguishable from the instant case. In *Lewis,* the Michigan Supreme Court held that where a no-fault insurance contract contained a "one-year back" provision limiting the time for filing suit, a claim could be tolled from the time of notice until the claim was denied by the insurer. The Court, however, cautioned against application of this limited rule to allow any claimant unlimited tolling. Here, the insurance policy at issue contains an explicit 3–year statute of limitations provision.

In addition, Plaintiff has argued that Defendant is estopped from asserting the statute of limitations defense because Plaintiff forebore his legal remedies and detrimentally relied upon intentional and negligent representations by Defendant that Plaintiff's claim would be fairly and honestly appraised if he submitted additional proof of total disability.

The Court finds Plaintiff's estoppel argument to be without merit for several reasons. First, Defendant's communications were with a personnel officer at GM's New Department Hyatt–Detroit Plant, and *not directly* with Plaintiff. Second, Defendant denied Plaintiff's claim for disability benefits on at least three different occasions because objective proof of disability had not been provided during the period for which Plaintiff was insured. The insurance company acted in good faith by expressing a willingness to accept further proof of total disability during the pendency of Plaintiff's grievance.

For the reasons stated above, Plaintiff's claims for S & A benefits are barred by the 3–year statute of limitations.

*Preemption*

 Plaintiff's claims also are preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*

The group insurance plan issued by Defendant to GM is an employee "welfare plan" as defined in ERISA § 3(1), 29 U.S.C. § 1002(1). *Nolan v. Aetna Life Ins. Co.,* 588 F.Supp. 1375 (E.D.Mich.1984). Here, as Plaintiff's purported state law claims relate to the administration of an employee benefit plan, they are expressly preempted by ERISA § 514, 29 U.S.C. § 1144. Plaintiff's exclusive recourse is to sue for plan benefits under the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a). Therefore, Plaintiff's claims must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

 Similarly, Plaintiff's claims are preempted by the Labor Management Relations Act of 1947, 29 U.S.C. § 185. The GM Plan is a collectively bargained agreement between GM and the UAW. Claims for breach of a collectively bargained group insurance policy are preempted by LMRA § 301. *Martin v. Metropolitan Life Ins. Co.,* 140 Mich.App. 441, 364 N.W. 2d 348 (1985); *Rhodes v. Aetna Life Ins.*

*Co.,* 135 Mich.App. 735, 739, 356 N.W.2d 247 (1984); *Smith v. Metropolitan Life Ins. Co.,* 107 Mich.App. 447, 309 N.W.2d 550 (1981). Plaintiff's breach of contract claims for S & A benefits are controlled by the collective bargaining agreement which supercedes the provisions of the insurance policy to the extent necessary to eliminate a conflict between the two documents. Accordingly, the complaint must be dismissed for failure to state a claim. For the foregoing reasons,

IT IS ORDERED that Defendant's motion to dismiss or for summary judgment be and hereby is GRANTED.

IT IS SO ORDERED.